## WHEELWRIGHT *v.* ST. LOUIS, N. O. & O. CANAL & TRANSP. CO.

*(Circuit Court, E. D. Louisiana. May 20, 1892.)*

### No. 12,034.

**1. JURISDICTION OF CIRCUIT COURT—SUIT TO ENFORCE LIEN—SINGLE DEFENDANT.**
    Act 1875, § 8, (18 St. p. 472,) confers power on the circuit court, in any suit to enforce a lien on property within the district wherein the suit is brought, in which "one or more of the defendants therein shall not be an inhabitant of or found within the said district," to order process against such absent "defendant or defendants." *Held*, that the circuit court has jurisdiction of such a suit when the citizenship is diverse, although there is but one defendant and neither party resides within the state in which suit is brought.

**2. SAME—SEIZURE UNDER STATE PROCESS.**
 The fact that the property on which the lien existed was within the custody of the sheriff, under writs of attachment issuing from a state court, though it might affect the power of the circuit court to take possession of the property, could not affect its jurisdiction of the suit.

In Equity. Suit by William D. Wheelwright against the St. Louis, New Orleans & Ocean Canal & Transportation Company to foreclose a mortgage. Heard on a demurrer for want of jurisdiction and a plea to the jurisdiction. Demurrer and plea overruled.

*Farrar, Jonas & Kruttschnitt,* for complainant.

*Gurley & Mellen,* for defendant.

BILLINGS, District Judge. This is a case brought to foreclose a mortgage, and to have the mortgaged property preserved pending the suit. The complainant is a citizen of the state of New York, and the defendant is a citizen of New Jersey. The mortgaged property is situated within this district.

The first question presented is by an objection to the jurisdiction, which is urged in support of a general demurrer, on the ground that neither party is a citizen of the state within which the action is brought. It is urged by the defendant that the effect of the act of August 13, 1888, (25 St. p. 433,) is to deprive this court of jurisdiction. To this objection the complainant replies that this suit is brought and jurisdiction is conferred under and by virtue of section 8 of the act of March 3, 1875, which section is by section 5 of the act of 1888 expressly continued in force as if that last statute had not been passed. Section 5 of the act of 1888 (25 St. p. 436) is as follows:

"Sec. 5. That nothing in this act shall be held, deemed, or construed to repeal or affect any jurisdiction or right mentioned either in sections six hundred and forty-one or in six hundred and forty-two or in six hundred and forty-three or in seven hundred and twenty-two, or in title twenty-four of the Revised Statutes of the United States, or mentioned in section eight of the act of congress of which this act is an amendment, or in the act of congress approved March first, eighteen hundred and seventy-five, entitled 'An act to protect all citizens in their civil and legal rights.' "

The reservation as to section 8 of the act of 1875 is full and complete, and the only question remaining upon this objection is whether section 8 of the act of 1875 (18 St. p. 472) confers jurisdiction upon the circuit courts where there is but one defendant, and neither party resides within the state in which the suit is brought. Section 8 of the act of 1875 is as follows:

"That when, in any suit commenced in any circuit court of the United States to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain, to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also

upon the person or persons in possession or charge of said property, if any there be," etc.

It is to be observed that the language of the act is:

"When, in any suit commenced in any circuit court of the United States, one or more of the defendants shall not be an inhabitant of or found within the said district."

It would seem that this expression, "one or more of the defendants," means one defendant, if there is but one, or one or more, if there are several; for the necessity of the provision springs out of the fact that the *res* upon which the lien is sought to be asserted and enforced is located in a district not that of the defendant's domicile. If another defendant resided in the district, it would still leave an equal necessity for the provision as to the nonresident defendant. In this class of cases, it is the residence of the defendant away from the property sought to be affected which is the reason for conferring the jurisdiction; for the property must be in the district where the court sits, so that it can lay its hand upon it to enforce the lien. This would be equally true whether there was one or more defendants, or whether some of them were residents. In this connection it is to be noticed how differently the provision is constructed, conferring jurisdiction over resident defendants, where some of the defendants were nonresidents, found in 5 St. p. 321, in that case, it is added, "when there shall be several defendants." The reason for that provision caused this additional expression to be inserted, while, in the provision under consideration, it caused it to be omitted. The reason for the statute leads me to think it was the intent of congress that it should apply in case of a single defendant as well as in case of several defendants. Possible jurisdiction is given under the constitution of the United States, since the parties are citizens of different states, and it is made effectual by section 8 of the act of 1875, which is unrepealed.

There is further objection to the jurisdiction presented by the plea. The plea pleads that the property upon which the lien exists is already in the custody of the sheriff, under two writs of attachment issuing from the state court. Whatever impediment these attachment writs might interpose to the court taking actual possession of the property, either for the purpose of preservation or for the purpose of enforcing any final decree, they do not at all prevent or qualify the jurisdiction which the court has over the parties and over the cause. The demurrer is overruled, and the plea adjudged insufficient, and the defendant has until the next rule day to answer the bill of complaint.