### ROSS v. HECKMAN.

(Circuit Court, D. Washington, N. D.   December 23, 1897.)

FEDERAL COURTS—JURISDICTION—PROPERTY IN CUSTODY OF STATE COURT.

A circuit court of the United States will not entertain an action to recover property in possession of the defendant as receiver of a state court, though brought by a citizen of another state, who is not a party to the proceedings in the state court, unless leave to sue its receiver is obtained from that court.

Bill in equity by Charles D. Ross against P. Y. Heckman for an injunction to restrain the defendant from extracting coal in a certain tract of land, to which the plaintiff has a clear and undisputed title. The defendant filed a plea in abatement, alleging that he is in possession and operating the coal mine as receiver of the Seattle Coal & Iron Company, under the direction and control of the superior court of the state of Washington for King county, and that personally he has no interest in the subject of the litigation, and that the plaintiff did not obtain leave of said superior court to bring this action.

Struve, Allen, Hughes & McMicken, for complainant.

Ballinger, Ronald & Battle, Donworth & Howe, Strudwick & Peters, and Bausman, Kelleher & Emory, for respondent.

HANFORD, District Judge (orally). I am very firmly convinced that this plea is sufficient to oust this court of jurisdiction. If this court were authorized to review the decisions of the superior court of King county, and to reverse its judgments for error, or to grant a writ of prohibition against that court, restraining it from proceeding without jurisdiction against the property of a person not before it, nor a party to any proceeding before it, and not within its jurisdiction, I could yield to the argument of plaintiff's counsel. There would be certainly great merit in the matters that have been urged for my consideration. But this court, in proceedings of this nature, where the right to sue in the federal court is claimed by the plaintiff on the ground of diversity of citizenship, and perhaps on the ground that his property is being taken without due process of law, in violation of the constitution of the United States, has only concurrent jurisdiction with the courts of the state. It has not exclusive jurisdiction of a case where the jurisdiction is predicated upon the grounds I have stated. There are many instances in which the two courts, having thus concurrent jurisdiction, may be called upon to deal with the same property rights of parties at the same time, and they may, by reason of the differences of the human mind, reach opposite conclusions as to the rights of the parties; and their proceedings, if carried out in the execution of conflicting judgments, might lead to a collision of forces. But, to avoid that, the decisions have set up certain guideposts, to guide each court in the exercise of its own jurisdiction, so as to avoid an unseemly conflict between courts having concurrent jurisdiction. Where proceedings have been taken which devest one court of its jurisdiction, and give to another court exclusive jurisdiction, there the court which has acquired exclusive jurisdiction of a matter will proceed to judgment, and to execute its judgment, and issue injunctions and all process necessary, and exercise all the power necessary to carry out its decrees, giving the parties their rights, regardless of anything that may be done or attempted in the court which has been entirely stript and devested of its jurisdiction. That may take place where a case has been rightfully removed out of the state court into the federal court. If the state court is disposed to doubt the validity of the removal proceedings, and refuse to give up jurisdiction, and plaintiff sees fit to prosecute his action in the state court, and there is an attempt to deal with the property by the state court after it has been devested of its jurisdiction, the circuit court has the right then to issue injunctions, and to use all the force that is necessary to protect the rights of the litigants before it. The ultimate determination of any question of that kind between the two courts is by the supreme court of the United States, whose writs may run to the courts of the state as well as the federal courts. And so where one court has rendered a judgment, and issued process under which property has been taken, sold, and the possession transferred to a purchaser, if it did not have jurisdiction of the parties,

the owner can come forward and say: "My property has been taken without due process of law, because I was not granted a hearing in court. I did not have my day in court. I received no notice." In such a case the judgment is not voidable, but simply void, and any other court afterwards acquiring jurisdiction to adjudicate the matter may pronounce it void; may, notwithstanding the judgment and the proceedings under it, issue its process to restore the property to the owner. Where personal liberty is involved, where a person is deprived of his liberty, by being incarcerated in violation of the constitution of the United States, a federal court may issue process to release him, and all state officers are bound to obey the process of the national courts in cases of that kind. In case of any opposition or disagreement about the law of the case, the ultimate determination must be with the supreme court. Now, where only property rights are involved, and there is litigation in different courts of concurrent jurisdiction about the same property at the same time, the decisions have gone so far as to establish this principle: that the court which first acquired jurisdiction of the case is entitled to ultimately determine the right of the parties; but, if property has been taken into custody, the court which first acquired jurisdiction of the res, by taking manual possession and custody of the property, must be left undisturbed in that custody until the proceedings have terminated in that court. Whatever the right of the matter may be, the process of one court will not run to take property out of the custody of another court. The courts, federal and state, have so far observed that rule, and I can look for nothing but evil consequences when one court breaks away and attempts to disregard it. Now, in this case, the orderly procedure in the matter is to go to the superior court, and get leave to sue this receiver in any court having jurisdiction of the matter, and bring the case here regularly, by leave of that court. The plaintiff has a right, under the laws of the United States, by reason of being a citizen of another state, to have his rights heard and determined by a federal court, if he elects to do so. If the superior court should obstinately refuse that right, and refuse to grant the leave to sue, there is a power above that court that you can appeal to. There may be something to prevent, of which I do not know, but, as the facts now appear, it would be the plain duty of the superior court to grant the leave; and, if that were refused, the supreme court would, by a writ of mandamus, order it to be done; and, if the supreme court of the state refused it, then you could go ultimately to the supreme court of the United States. I can hardly conceive that the courts of the state would refuse to the owner of property the right to invoke the federal jurisdiction given by the constitution of the United States. If the case, being properly here by leave, should eventuate in a decision in favor of the plaintiff, it might be reasonably expected that the superior court would, as its duty would be, respect the decision of the court which had jurisdiction to adjudicate the rights of the parties. Cases have been brought here and adjudicated, and rights determined, where the parties had to depend on the superior court to execute judgments obtained here. Such proceedings as I have suggested will give to the parties their constitu-

tional and legal rights, and at the same time avoid danger, that is plainly threatened, of a collision of forces between the two courts. I do not hesitate to entertain jurisdiction with the idea that the court is incompetent to execute any decree which it has jurisdiction to make, but because it has not the lawful right to use its power where it has to invade the actual custody and possession of property by the superior court of this county; and that, in view of the facts set before me in this plea, I consider is what may become necessary by further proceeding in this case. An order will be entered sustaining the plea.