[L. A. No. 1342.   Department Two.—September 6, 1905.]

## S. McG. ISOM, Respondent, v. REX CRUDE OIL COMPANY, Appellant; UNION CONSOLIDATED OIL COMPANY, Appellant.

APPEAL—PARTIES—CORPORATION SUCCEEDING TO RIGHTS OF DEFENDANT APPEALING—PROTECTION.—Where a defendant corporation has appealed, and another consolidated corporation succeeding to the rights of the defendant corporation has also appealed, it is immaterial to decide whether the latter has a right of appeal, inasmuch as all of its rights are fully protected by the appeal of the defendant corporation.

ID.—ORDER APPOINTING RECEIVER—STAY OF EXECUTION—ERRONEOUS ORDER TO SURRENDER PROPERTY.—Where the judgment appealed from formed the basis of an order appointing a receiver, and execution of the judgment was stayed pending the appeal by a *supersedeas* bond, the appellant has a right to insist that the *status quo* shall be preserved until the final adjudication of the controversy upon appeal; and it was erroneous to order the surrender of the property to the United States marshal pending the appeal.

Id.—Action to Cancel Lease—Subsequent Action in Federal Court—Rights of Receiver not Affected.—Where in a prior action in the state court to cancel an oil lease for alleged fraud in its procurement judgment was rendered for plaintiff, and a receiver was appointed to work the oil-bearing land, and pending an appeal from the judgment the same plaintiff brought an action in the federal court to cancel the lease, both as having been procured by fraud and terminated by its terms, to which the receiver was not made a party, the rights of the receiver are not affected by the judgment in the federal court.

Action against Receiver—Leave to Sue Jurisdictional.—The federal court would have had no jurisdiction to sue a receiver previously appointed in the state court, without previous permission by the state court that its receiver may be sued.

Mining Corporations — Effect of Consolidation — Dissolution. — Although a new mining corporation formed by the consolidation of two or more of such corporations is a distinct entity, the consolidation does not dissolve the corporations consolidated, but they are preserved by law for the purpose of enforcing liabilities against them, whether upon contract or in tort; and each may be sued separately.

APPEAL from an order of the Superior Court of Los Angeles County for the delivery of property held by its receiver to the United States Marshal. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Edwin A. Meserve, and Jeff Paul Chandler, for Appellants.

Stephens & Stephens, A. W. Hutton, and Works, Lee & Works, for Respondent.

HENSHAW, J.—The plaintiff, Isom, had sued defendant, the Rex Crude Oil Company, in the superior court of the county of Los Angeles, and had obtained a judgment for the annulment of a certain lease held by it, upon the ground that it was procured by fraud, and for damages. Subsequently, the court appointed a receiver of the property, who was ordered to take possession of it and operate it, the land being oil-bearing land. This the receiver did, and the defendant, the Rex Crude Oil Company, took its appeal from the judgment, and with its appeal filed a *supersedeas* bond. Thereafter, the Rex Crude Oil Company and two other corporations consolidated their assets, franchises, and property into the

Union Consolidated Crude Oil Company. After this consolidation the plaintiff, Isom, filed her bill in the circuit court of the United States, ninth circuit, southern district of California, against the Rex Crude Oil Company. Substantially the same allegations of fraud were made in this bill as were set forth in the complaint in the state court, and additionally it was alleged that the lease in question had expired by its terms. The bill further set forth the proceedings in the state court resulting in favor of the plaintiff, and the appointment of a receiver, and the possession of the property by the receiver. It was prayed that the lease be declared void and canceled, and that it be adjudged and decreed that the lease, if valid, had been terminated by its own provisions, and that plaintiff be decreed to be entitled to the possession of the property free from any claim on the part of the defendant. The Rex Crude Oil Company made no appearance in this action, and judgment passed for the plaintiff, the circuit court finding in accordance with the allegations, and decreeing in accordance with the prayer. To this action in the circuit court the receiver was not made a party; the Rex Crude Oil Company was the sole defendant. A writ of assistance was issued by the circuit court, directing the marshal to put the complainant in possession of the property. On the following day the receiver appointed by the state court filed his report, in which he alleged that the writ of assistance had been served on him by the United States marshal, and he submitted the writ and the facts above stated to the superior court, requesting the direction of that court as to the proper course for him to pursue. Following this, plaintiff, Isom, after due notice, moved the superior court for its order directing the receiver to turn over and deliver the possession of the property to the United States marshal. The superior court made its order in compliance with this motion, and it is from that order that this appeal is taken.

The Union Consolidated Crude Oil Company, claiming by consolidation to have succeeded to all the rights of the Rex Crude Oil Company, appears also as appellant herein. Objection is made that it has no standing in the matter; but the objection is immaterial and need not be considered, since all of its rights are fully protected by the appeal of the Rex Crude Oil Company.

As has been stated, the action in the circuit court was commenced, and service upon the secretary of the Rex Crude Oil Company was had, after the consolidation of the corporations into the Union Consolidated Crude Oil Company. In this regard the admission upon the record is, that W. F. Armstrong had been the secretary of the Rex Crude Oil Company, and that he ceased to be secretary of that company only by virtue of its consolidation with the Union Consolidated Crude Oil Company, and not otherwise, by resignation or removal. Appellant's contention is, that by the consolidation the Rex Crude Oil Company as a corporation ceased to exist, and consequently ceased to have any officers, that the attempted and pretended service upon W. F. Armstrong, as its secretary, was a nullity, and that the circuit court never acquired jurisdiction of defendant. The question thus presented is whether under our laws such consolidation works a dissolution of the constituent corporations. It is of course true that the consolidated corporation itself becomes a new and distinct entity, and such, indeed, has been decided in *Market-Street Ry. Co.* v. *Hellman,* 109 Cal. 587, [42 Pac. 225]. No decision in this state bears directly upon this question. In *California Central Ry. Co.* v. *Hooper,* 76 Cal. 407, [18 Pac. 599], the court, discussing an Ohio case which holds that under the Ohio statute a dissolution of the consolidating corporations results, says: "Whether the consolidated companies cease to exist for every purpose immediately upon consolidation; whether they did not continue separate as to their creditors (Civ. Code, sec. 473), is, perhaps, unimportant here." This language was used having regard to the consolidation of railroad corporations, to which section 473 applied, but the consolidation in the case at bar was that of mining corporations, and as to them the language of section 361 of the Civil Code is so plain as to relieve from all doubt. It provides: "No such consolidation shall, in any way, relieve such companies, or the stockholders thereof, from any and all just liabilities." In the case of a railroad corporation, section 473, as amended in 1901, makes provision that a demand against a constituent company may be enforced against the consolidated corporation. No such provision is found in the act relative to the consolidation of mining corporations, and if neither the companies nor their stockholders, by virtue

of the consolidation, are to be relieved from any just liability, it would seem to require little argument upon the proposition that their corporate entities are preserved, to the end that they may be served with process and called upon to defend any action arising either from contract or from tort which may be brought against them. We conclude, therefore, that, notwithstanding the consolidation, the corporate existence of the Rex Crude Oil Company was preserved by law to the extent that in its corporate capacity it might be called upon in court to meet any and all just liabilities, and that the service upon its secretary, Armstrong, was sufficient to confer jurisdiction upon the circuit court.

It is contended that the judgment of the circuit court was a nullity in that the receiver was not made a party to that action, that he was a necessary party, and that permission to sue him had not been obtained from the state court. It is unquestionably true that a court will not entertain an action to recover property in the possession of a defendant as receiver of another court, unless leave to sue its receiver has been obtained from that court (*Ross* v. *Heckman,* 84 Fed. 6), and the want of power in the federal court to entertain such a suit is held to be jurisdictional. (*Peale* v. *Phipps,* 14 How. (U. S.) 368; *Barton* v. *Barbour,* 104 U. S. 126.) But in this case the receiver was not made a party defendant. There was nothing, therefore, touching the jurisdiction of the circuit court—a question which could be raised only when the receiver had been made defendant without permission. Nor did the judgment as such affect, or pretend to affect, the rights of the receiver in possession. It was an adjudication, as between the owner of the property and the assignee of her lessee, that the lease under which the defendant was claiming its right to possession had terminated, and that as between the two the right to possession was in the plaintiff. No effort was made by this judgment to disturb the receiver in his possession, nor to impose upon the receiver any liability or responsibility of any kind.

It is only so far as the rights of the receiver are involved that concern is here paid to the judgment of the circuit court. The other propositions which appellant argues are not matters for consideration upon this appeal. What effect the circuit court might give to its judgment, how fully it could

execute it, are not matters before us on this collateral attack, for the judgment certainly was not void upon its face. (*Wheelright* v. *St. Louis etc. Transportation Co.,* 50 Fed. 709.)

We thus come, finally, to the direct consideration of the order of the state court directing its receiver to turn the property in question over to the United States marshal. There can be no doubt that a court having property in custody through its receiver may, in a proper case, direct that receiver to turn over the property to the federal court in aid of the enforcement of its writ. The matter is one of comity (*Wheelright* v. *St. Louis etc. Transportation Co.,* 50 Fed. 709); but it is equally true that in an improper case such an order by the state court is error; and erroneous, we think, the order was in this instance. The judgment for plaintiff in the state court which formed the basis and reason for the appointment of the receiver was not final, but stood undetermined upon appeal. Appellant from that judgment had filed its *supersedeas* bond staying its execution, and had the right to insist that the *status quo* should be preserved until the final adjudication of the controversy upon its appeal.

The order appealed from is therefore reversed.

McFarland, J., and Lorigan, J., concurred.