[L. A. No. 648.    Department One. — March 20, 1901.]

ELIZABETH MURRAY, Respondent, v. LAURENT ETCHE-PARE, Appellant, and MARIA E. C. DE LEONIS and THOMAS WILKERSON, Receiver, Defendants not Appealing.

FORECLOSURE OF MORTGAGE — SUIT AGAINST RECEIVER WITHOUT PERMISSION OF COURT — RESERVATION IN JUDGMENT — APPEAL BY MORTGAGOR. — Although, as a rule, a receiver cannot be sued without permission of the court appointing him, yet where it appears that the court appointing him to take possession of mortgaged property ordered him to pay the mortgage, which was thereafter foreclosed, and he was made a party defendant without permission of the court, and in the action disclaimed any interest in the property, except such as was given by his appointment as receiver, and the judgment of foreclosure provided that the judgment and decree therein should in no wise affect his rights and interests as such receiver, from which judgment he did not appeal, upon an appeal taken by the mortgagor only, there is no error in the judgment prejudicial to the rights of the appellant, or calling for a reversal of the judgment.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Lucien Shaw, Judge.

The facts are stated in the opinion.

H. H. Appel, and W. H. Morris, for Appellant.

Horace Bell, and George H. Smith, for Respondent.

Dunnigan & Dunnigan, for Maria E. C. de Leonis, Defendant.

CHIPMAN, C. — Foreclosure.  Plaintiff had judgment on the verified pleadings, from which defendant Etchepare alone appeals.  The complaint is in the ordinary form, for foreclosure of a certain mortgage executed by defendant Etchepare, on February 12, 1895, to secure the payment of a certain promissory note made by him to plaintiff on that date.  Mrs. Leonis and Wilkerson were made parties defendant, as claiming some interest in the mortgaged property.

It is not necessary to consider whether the facts in Mrs. Leonis's separate answer are well pleaded and constitute a defense to the action, for the reason that she does not appeal. Etchepare, in his separate answer, alleges ownership of the land, and does not deny the execution of the note and mortgage.  His defense is, that in an action wherein Mrs. Leonis is plaintiff and he is defendant, commenced before the foreclosure proceedings were begun, in the superior court of Los Angeles County (the same court in which the foreclosure action was commenced), the court made an order appointing a receiver of all the property·involved in this action, and said property went into possession of said receiver, who was then the acting and qualified receiver and is now acting as such in said action; that the court, in the said action (Leonis *v*. Etchepare), before the commencement of this present action, "duly made an order requiring and authorizing the said receiver to pay off and discharge plaintiff's mortgage, and said order has not been rescinded or set aside," all of which, it is alleged, was well known to plaintiff when she brought this action; that "plaintiff did not procure any order from the superior court authorizing said plaintiff to commence an action against the receiver, who is made a party defendant herein."  It is prayed that the court require the receiver to pay off the mortgage, and " that, for that purpose, the said receiver be authorized to borrow the amount," and that plaintiff's action be dismissed. The judgment recites that the receiver, defendant Wilkerson, disclaimed any interest in the mortgaged premises, and averred that his interest was such only as was given him by the order of his appointment as receiver, and the judgment provided " that the judgment and decree herein shall in no wise affect his rights and interests as such receiver."  The receiver does not appeal.

We can discover no prejudicial error in the judgment.  It is true that a receiver is an officer of the court, acting under its

direction, and that it is contrary to the established doctrine of courts of equity to permit him to be made a party defendant to litigation, unless by consent of the court appointing him.

The rule is established for the protection of receivers against unnecessary litigation, and because, in most cases, ample relief can be obtained by application, on motion to the court making the appointment. (High on Receivers, sec. 254.) In the present case, however, it was provided by the decree that whatever rights the receiver has in the subject of the action should be reserved to him, and no injury, therefore, is shown by appellant.

Nothing appears in the answer of Etchepare, or in the recitals of the judgment with reference to the receiver, showing that injury can come to appellant by the enforcement of the decree. The answer states that a receiver has been appointed in another action, and that he has possession of the property, but it is not made to appear that the rights of the parties in that action, or the rights of the receiver, will be injuriously affected by the decree in the present action, and, as we have seen, the decree specially reserves all rights of the receiver.

The judgment should be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.