[S. F. No. 2196.   Department One.—February 13, 1905.]

## W. A. NEVILLS, Respondent, v. SAMUEL M. SHORT-RIDGE, and C. M. SHORTRIDGE, Appellants.

PREMATURE ACTION—JUDGMENT OF DISMISSAL—HARMLESS RESERVATION AGAINST BAR.—A judgment of dismissal of a premature action brought before the expiration of a valid extension of time pleaded in the answer is not a bar to a new action after the expiration of the time limited; and a reservation in the judgment that such dismissal is "not to be a bar to another action" is but a recital of the law as to the particular case, and, if erroneous, is harmless.

ID.—PLEA IN ABATEMENT—MANNER OF CORRECTION.—A plea in abatement which, without disputing the justness of the plaintiff's claim objects to the place, mode, or time of asserting it, requires *pro hac vice* that the judgment be given for the defendant, leaving it open to renew the suit in another place, mode, or time; and it must not only point out the plaintiff's error, but must show him how it may be corrected, or, in technical language, it "must give the plaintiff a better writ."

APPEAL from a judgment of the Superior Court of Santa Clara County.  W. G. Lorigan, Judge.

The facts are stated in the opinion.

John E. Richards, and Van R. Paterson, for Appellants.

Riordan & Lande, and J. H. Campbell, for Respondent.

COOPER, C.—Appeal by defendants from judgment on the judgment-roll without a bill of exceptions.  The action was brought to recover a balance alleged to be due upon two promissory notes, one for twenty thousand dollars and one for forty thousand dollars, both dated November 30, 1896, and to foreclose a mortgage given to secure the said notes.  The action was commenced November 30, 1898.  The answers alleged, and the court found, that the action was prematurely commenced by reason of an agreement made by plaintiff on April 30, 1898, extending the time for the payment of said notes for one year from said last-named date, in consideration of the conveyance of certain property by defendants to plaintiff of the aggregate value

of $31,672.79, which was credited upon the indebtedness of defendants to plaintiff. The court accordingly gave judgment for defendants, that the action be dismissed because prematurely brought, and that the defendants recover their costs. The judgment provided "such dismissal however not to be a bar to another action."

Defendants complain of the judgment as to the quoted clause, and claim that the court had no power to determine the effect of its judgment in any subsequent proceeding between the parties.

It is evident that if the judgment of dismissal was not a bar to another action, as a matter of law, that the provision in the judgment, if conceded to be erroneous, was but a recital of the law as to the particular case, and was harmless. It is not contended by defendants that the effect of the judgment of dismissal was a bar to the beginning of another action. To hold that an action prematurely brought shall be dismissed, and that such dismissal will bar another action, brought when the obligation matures, would be to inflict a penalty of the entire loss to the plaintiff of his demand, in all cases in which the court might decide on conflicting evidence that the action was brought prematurely although the plaintiff was honestly mistaken. Such is not the law.

A plea in abatement, without disputing the justness of plaintiff's claim, objects to the place, mode, or time of asserting it and requires *pro hac vice* that the judgment be given for the defendant, leaving it open to renew the suit in another place, or form, or at another time. It must not only point out the plaintiff's error, but must show him how it may be corrected, or, in technical language, it *must give the plaintiff a better writ*. (1 Chitty on Pleading, 16 Am. ed., p. 462; Stephen on Pleading, p. 50; *Pitts Son's Manufacturing Co.* v. *Commercial Nat. Bank,* 121 Ill. 582; *Moore* v. *Sargent,* 112 Ind. 485.)

We advise that the judgment be affirmed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Angellotti, J., Van Dyke, J., Shaw, J.