[Civ. No. 1846.   Fourth Appellate District.—April 14, 1937.]

MRS. O. MILLS, Petitioner, v. THE SUPERIOR COURT OF FRESNO COUNTY et al., Respondents.

Clyde E. Cate for Petitioner.

Lawrence Kennedy for Respondents.

BARNARD, J.—This is an application for a writ of mandate to compel the respondents to make an order granting to the petitioner herein leave to sue the receiver appointed by the respondent court in an action now pending therein, or in the alternative to make an order granting leave to this petitioner to intervene in said action and permitting her to attach the funds in the hands of the receiver.

The petition alleges that on September 4, 1936, one T. J. O'Brien, one of the partners in a firm doing business as Robinson Motors Company, brought an action against his copartners asking for dissolution of the partnership, an accounting and the appointment of a receiver; that on December 23, 1936, judgment was pronounced in that action making the *ex parte* appointment of the receiver permanent, with power to take possession of the firm property, to wind up the affairs of the partnership and to pay the partnership debts, and ordering an accounting as between the partners; that on January 21, 1937, the petitioner filed in that action a petition for leave to sue the receiver or to intervene, alleging therein that the partnership was indebted to her in the sum of $400 and that she had demanded payment of the same from the receiver, and requesting leave to sue the receiver or leave to intervene and present her claim for payment and for permission to

attach funds in the hands of the receiver; that said petition was heard on February 11, 1937; and that permission to sue or intervene in the other action was denied.

The answer sets forth a copy of the interlocutory judgment entered in the action in which the receiver was appointed. It also sets forth a copy of the order made by the respondent court after hearing this petitioner's application for leave to sue the receiver or to intervene in the other action. This order is as follows:

"1. That said petitioner, Mrs. O. Mills, be, and she is hereby granted leave to present her claim alleged in said petition to the Receiver, Geo. H. Lips, of the Robinson Motors Company heretofore appointed by this court.

"2. That in all other particulars said petition be and it is hereby denied."

The answer alleges that the claim of this petitioner against said partnership for $400 was presented for allowance and approval by the receiver to the respondent court on March 3, 1937, and that the same was, on that date, allowed and approved by the said court, a copy of the order allowing the claim being attached to the answer. The answer further alleges that since September 4, 1936, the copartnership and business conducted under the name of Robinson Motors Company has been and now is insolvent, that the receiver referred to had refused and now refuses to pay the claim of this petitioner for the reason that said copartnership and business has at all times been and now is insolvent, and that the funds in the hands of the receiver are insufficient to pay the claims against said copartnership which have been duly allowed and approved.

No claim is made by the petitioner that she is other than a general creditor of the partnership. She claims, however, that the action now pending in the respondent court presented no question of insolvency, that the rights of creditors were not involved therein, that she had a right to bring another action or to intervene in that action and to attach the property in the hands of the receiver, thereby gaining a preference over other creditors, that this right was absolute, and that the respondent judge had no discretion in the matter except as to whether the permission granted should be for intervention or for a separate action. The petitioner relies particularly on *Adams* v. *Woods,* 8 Cal. 152 [68 Am. Dec.

313], and *Adams* v. *Woods,* 9 Cal. 24. It was pointed out in the first of these cases that the creditors of a partnership have no interest in a partnership suit or in proceedings for an accounting and dissolution until after a decree of dissolution has been entered and that, in the meantime, such creditors may pursue their remedies at law and thereby secure a preference or lien upon the partnership assets. The second case is quoted from as follows: "From these cases it seems to be settled, that until a dissolution has been judicially declared and a receiver ordered to make a *pro rata* distribution of the partnership assets among the creditors, they are not prevented from resorting to adverse proceedings; that when a creditor does resort to such proceedings he may thereby gain a preference over those creditors who are less diligent."

The petition filed herein fails to allege that the partnership business in question is not insolvent. The interlocutory judgment entered in the action pending in the respondent court decrees that the partnership be dissolved and that "the affairs and business of said partnership be wound up and terminated by the receiver heretofore appointed in this action, and the debts of said partnership paid or otherwise settled". The receiver presented to the respondent court for allowance and approval a list of claims against the partnership, including the claim of this petitioner, and the same were allowed and approved. The direction to the receiver contained in the interlocutory judgment sufficiently authorizes the payment of the debts of the partnership or the *pro rata* distribution of the assets among the creditors in the event the claims cannot be paid in full. A dissolution having been judicially declared the cases cited are not controlling and, under the circumstances shown by the record, it cannot be said that the controversy in the action pending in the respondent court was entirely between the copartners, and that the creditors were not involved. It clearly appears that the respondent court has undertaken, in connection with settling the controversy between the partners, to protect the rights of the creditors. The matter before us would seem to fall within the rules set forth in *De Forrest* v. *Coffey,* 154 Cal. 444 [98 Pac. 27]. It was undoubtedly within the discretion of the respondent court to reserve to itself the determination of the validity of petitioner's claim. It has already passed upon that claim and approved it. If an intervention had been allowed, in so far

as appears, the petitioner would have been in no better position. She could not attach the funds in the hands of the receiver, an officer of the court, at least without permission, and the facts are far from sufficient to show a clear duty resting upon the court to grant such a permission. Nothing here appears to indicate that the court abused its discretion in denying to the petitioner a right to intervene or to bring a separate action.

The alternative writ is discharged and the petition, as to a further writ, is denied.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 11, 1937.