[Civ. No. 13738. Second Dist., Div. One. Jan. 14, 1943.]

CLARA KUHRTS BURNAND, Appellant, v. JUAN J. IRIGOYEN et al., Respondents.

Albert W. Leeds and Charles W. Partridge for Appellant.

Saul Ruskin for Respondents.

DORAN, J.—This is an action in unlawful detainer. The litigation arose out of an agreement entered into between the appellant and Juan J. Irigoyen, Marie Antoinette Irigoyen, and Ana Maria Rankow, as guardian of the persons and the estates of Juan J. Irigoyen and Marie Antoinette Irigoyen, relating to a large and expensive residence in the Hollywood Hills, Los Angeles, and its furnishings.

Immediately after entering into the agreement the defendants defaulted in their payments and after waiting until June, 1940, appellant filed action No. 453030 in the Superior Court for Los Angeles County, entitled "Action of Ejectment," seeking to recover possession of the property. The defendants filed answers and cross-complaints asserting, among other things, that the defendants Juan J. Irigoyen and Marie Antoinette Irigoyen were minors, that although the defendant Ana Maria Rankow, the mother of the minor defendants, signed the contract as their guardian, in fact she had not been appointed their guardian; that Juan J. Irigoyen had by then attained his majority, but Marie Antoinette Irigoyen had not. Both repudiated the contract and sought the return of all monies alleged to have been paid from their estates. Attempts at settlement followed, pending which neither side sought to bring this action to trial, and during the ensuing months negotiations were had and further installment payments were made, though the total payments were not enough to bring the contract into good standing.

The action in unlawful detainer was filed May 28, 1941.

Appellant alleged facts to bring the case under the provisions of a paragraph in the contract limiting respondents' right of possession until certain payments should have been made and permitting a summary termination of their tenancy in case of default during such period, and alleged the service of notices in accordance with the contract and with sections 1161 and 1161a of the Code of Civil Procedure in April and May, 1941. Appellant filed the affidavit and undertaking prescribed by section 1166a of the Code of Civil Procedure and obtained a writ of possession. Before the service of the writ, respondents obtained an order to show cause and a stay of execution of the writ and filed a general demurrer. The demurrer was overruled. Both sides filed extensive affidavits with reference to the order to show cause, it being conceded that the issuance or restraint of the writ of possession was a matter within the discretion of the trial court. The affidavits on behalf of the respondents set forth various asserted defenses to the action; the affidavits on behalf of the appellant negatived these asserted defenses and in addition contained allegations to the effect that the premises were in a state of disrepair and were being subjected to abuse and mistreatment by the respondents. After a hearing the court vacated the order to show cause on condition that the amount of the bond filed by appellant be increased to five thousand dollars, which condition was complied with by the appellant. About this time the respondents moved out of the premises and the sheriff returned the writ wholly unsatisfied.

At the commencement of the trial of the within action on October 17, 1941, plaintiff commenced to put on her case. The process server who served the notices was called to the witness stand, but before he testified it was stipulated that the notices had been duly served. The appellant was called as the next witness. The respondents stipulated that the contract was in default and in the midst of discussion between the court and counsel concerning the nature and amount of the default, respondents' counsel raised the question of pendency of the ejectment action, alleged in the answer as a separate and distinct defense.

In the course of this discussion, the court suggested as a practical solution of the situation that the present action, the ejectment suit, a suit on a promissory note, and a suit for damages to the house and furniture instituted by appellant after she moved back into the premises, be consolidated

for trial at a mutually agreed date. Appellant agreed to the suggestion but respondents refused.

Respondents' counsel stated that his motion was for a dismissal and not for an abatement and it was only after considerable colloquy between the court and counsel that he was induced to state that he was moving for an abatement. The court then denied the motion for dismissal and granted the motion for abatement.

The foregoing recital of the facts, which, with minor changes, is copied from appellant's brief, is not controverted in any material particular by respondent.

It is appellant's contention that the court erred in abating the action and in failing to make findings on matters proved at the trial prior to defendants' motion for abatement. In order to reveal the actual state of the record it appears necessary to incorporate that portion thereof relating to the ultimate disposal of the proceedings; it follows.

"THE COURT: After reading the pleadings, I am inclined to think you have the same cause of action only added facts in this case. The motion for abatement is granted. MR. RUSKIN: If your Honor please, I have not made any motion for abatement. THE COURT: I thought you did this morning. MR. RUSKIN: I would like to correct that. My contention is that this action should be dismissed on the basis of the picture given, and not merely abated. THE COURT: If that is your motion, that motion is denied. MR. RUSKIN: I am not making any motion for abatement, if your Honor please. THE COURT: Very well. We will then proceed with the trial. . . . THE COURT: If you are seeking an abatement, that ends the action so far as any trial is concerned. If you are not making a motion for abatement, that is the end of it. MR. RUSKIN: I do not waive our rights, yet I feel we are not obliged to make a motion other than as disclosed by the facts. . . . MR. RUSKIN: I contend that your Honor has no jurisdiction to proceed with this action in view of the other action. THE COURT: That is your plea in abatement. That is the plea in abatement. You contend further that it should be dismissed. MR. RUSKIN: Yes. THE COURT: I disagree with you on that portion of your motion. You can make a motion for a plea in abatement and I will rule on that. . . . THE COURT: Do you waive the plea in abatement or do you insist on it? MR. RUSKIN: With the statement I have made to the Court, asking for the relief we are entitled to and to proceed with

the action for that purpose, I make both motions. THE COURT: Answer my question directly. I will not take an evasive answer. MR. RUSKIN: Your Honor can see my predicament. THE COURT: I am going to pin you down. You are either going to take your plea in abatement or waive it. MR. RUSKIN: I am not waiving the plea in abatement; neither am I waiving the motion for dismissal. THE COURT: Based on facts other than the plea in abatement? MR. RUSKIN: Yes, of course. THE COURT: Personally I don't think the suit should ever have been brought. MR. RUSKIN: That is the reason I think it should be dismissed. MR. LEEDS: Your Honor suggested the consolidation of the whole thing. THE COURT: I will grant the plea in abatement and deny the other motion. MR. RUSKIN: Does that mean you are denying the opportunity to establish facts—— THE COURT: Certainly. No. 450030 now pending involves the same facts as this action on trial in which I am granting the plea in abatement. It is the same issue under the same contract, same agreement, same facts, except additional facts alleged in the action that is now on trial. Do you desire findings or not? MR. RUSKIN: I would like to have findings, if your Honor please. MR. LEEDS: I think we should have findings. MR. RUSKIN: I take it the motion for dismissal is made and denied; is that the fact? THE COURT: Your motion to dismiss is denied. The plea in abatement is granted."

The pertinent part of the judgment is as follows: "It is hereby ordered, adjudged and decreed: 1. That the defenants have judgment against the plaintiff upon their plea in abatement and that this action abate pending the determination of Los Angeles County Superior Court action No. 453030." The findings are as follows: "That it is true that the action entitled 'Clara Kuhrts Burnand, plaintiff v. Juan J. Irigoyen, et al., defendants,' No. 453030, is now pending in this court. That the said action is between the same parties as the present action. That said action relates to the same property described in the present action. That said action is based upon the same grounds as the present action. That said action seeks substantially the same relief sought in this action. That all the relief sought in this action could be asked for and received in said other action."

The plea in abatement, as such, known to the common law and recognized by statute in some of the states, has no existence as a doctrine or remedy in California. The terms abate and abatement are not defined by statute and neither has any

specific application to any statutory procedure. The plea in abatement is neither actual nor real and therefore, at most, can be regarded only in the abstract as distinguished from the concrete. The phrase is useful only and merely as descriptive of the substance, purpose and effect of a pleading, motion, order or judgment. Corpus Juris refers to abatement as follows: ''Abatement at law is the overthrow or destruction of a pending action apart from the cause of action; in equity the suspension of the proceedings. The term 'abatement' is used, with reference to pending actions or suits, *to designate the result* upon a suit or action, of defects which vitiate the propriety of the suit as brought, in contradistinction to the existence or the statement of a cause of action; it looks to their *effect;* and consequently it is ordinarily defined *descriptively* in terms of the effect produced, so that the definition *varies* accordingly as abatement at common law or abatement at equity or under codes extending equitable doctrines to all suits or actions is spoken of; . . . '' (1 C.J.S. Abatement, § 1a, p. 27.) (Italics added.) Certain California statutes use the term, however, but without particular significance. For example, a nuisance may be enjoined or abated. (§ 731, Code Civ. Proc.; also §§ 3484 and 3503, Civ. Code.) Section 385 of the Code of Civil Procedure provides that an action does not ''abate'' by death, etc., and the Probate Code, section 752, uses the term with regard to legacies.

In this descriptive sense the phrase ''plea in abatement'' is not unfamiliar in the California decisions. For example, in *Martin* v. *Splivalo,* 69 Cal. 611 [11 P. 484], which was an action in ejectment and the answer pleaded another action pending, to wit, an action in unlawful detainer, the court used the following language, at page 615. ''As the former action, the pendency of which was pleaded in *abatement* in this action, *was for an unlawful detainer,* after the expiration of an alleged lease, it is clear that the same matters were not in issue in both actions, and a judgment in the first action would not be conclusive in the second. (*Kirsch* v. *Smith,* 64 Cal. [13], 14 [27 P. 942].)'' (Italics added.) And in *Scheeline* v. *Moshier,* 172 Cal. 565 [158 P. 222], at 570, appears the expression, ''The alleged pleas in abatement and in bar were insufficient.'' In *Nevills* v. *Shortridge,* 146 Cal. 277 [79 P. 972], at page 278, appears the following: ''A PLEA IN ABATEMENT, without disputing the justness of plaintiff's claim, objects to the place, mode, or time of assert-

ing it and requires *pro hac vice* that the judgment be given for the defendant, leaving it open to renew the suit in another place, or form, or at another time. It must not only point out the plaintiff's error, but must show him how it may be corrected, or, in technical language, it *must give the plaintiff a better writ."* (Emphasis added to "plea in abatement," other italics included in quotation.)

It is evident from the foregoing that the trial judge's effort to persuade defendant's counsel to "make a motion for a plea in abatement" is without legal sanction. Nor was a motion for dismissal proper in the circumstances. The appropriate procedure and the only procedure applicable to the situation presented by the pleadings, and in the light of what was attempted at the trial, was that authorized by the provisions of section 597 of the Code of Civil Procedure, the pertinent part of which is as follows: "When the answer pleads that the action is barred by the statute of limitations, or by a prior judgment, or *that another action is pending upon the same cause of action,* or sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement to the prosecution thereof, the court may, upon the motion of either party, proceed to the trial of such special defense or defenses before the trial of any other issue in the case, and if the decision of the court, or the verdict of the jury, upon any special defense so tried (other than the defense of another action pending) is in favor of the defendant pleading the same, judgment for such defendant shall thereupon be entered and no trial of other issues in the action shall be had unless such judgment shall be reversed on appeal or otherwise set aside or vacated; and where the defense of another action pending is sustained (and no other special defense is sustained) *an interlocutory judgment shall be entered* in favor of the defendant pleading the same *to the effect that no trial of other issues shall be had until the final determination of such other action. . . . "* (Italics added.)

A motion for a *trial* on the special issue of another action pending would have been in order. But no such motion was made and no such trial was had. The record reveals that one witness for the plaintiff was asked a few questions, after which the entire proceeding was devoted to argument and discussion. The defendant offered no evidence; even the complaint in the former action, upon which defendant

relied, was not in evidence. It appears in the record on appeal as part of the transcript of the proceedings, stipulated by counsel to be correct.

But, assuming that the authorized procedure had been followed and the judgment had been in form and substance as such procedure permits, nevertheless the judgment could not be upheld. In order to sustain a judgment based on a special defense that relies on the allegation of another action pending upon the same cause of action, it must appear that the first action is, for all practical purposes, identical with the second. The plaintiff cannot be forced to the election of remedies in such manner. Manifestly, the remedies of ejectment and unlawful detainer are not the same, hence, even though both actions were pending the plaintiff had the right to choose which remedy to pursue. (See: *Agar* v. *Winslow,* 123 Cal. 587 [56 P. 422, 69 Am.St.Rep. 84].) Moreover, the law provides that successive actions may be maintained. (§ 1047, Code Civ. Proc.) The conclusion is therefore inevitable that the evidence does not support the findings, nor do the findings support the judgment.

For the foregoing reasons the judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed.

York, P. J., and White, J., concurred.