**SEAMAN–ANDWALL CORPORATION,**
**Plaintiff,**

**v.**

**WRIGHT MACHINE CORPORATION, William Prickett, Receiver Pendente Lite of B. S. F. Company, Victor Muscat and Edward Krock, Defendants.**

Superior Court of Delaware,
New Castle.

Jan. 20, 1970.

Aubrey B. Lank, of Theisen, Lank & Kelleher, Wilmington, for plaintiff.

Irving Morris and Joseph A. Rosenthal, of Cohen, Morris & Rosenthal, Wilmington, for William Prickett, receiver.

STIFTEL, President Judge.

Plaintiff recovered a judgment against Wright Machine Corporation, William

Prickett, the receiver pendente lite of the B.S.F. Company, Victor Muscat, and Edward Krock, jointly and severally, for $280,-188.59, on January 29, 1969, in the New York Supreme Court, New York County. Plaintiff brings this action in Delaware on the New York judgment, asking for judgment in the same amount.

Defendants Wright Machine Corporation and William Prickett, receiver pendente lite of the B.S.F. Company, appeared and moved to dismiss the complaint, claiming this court lacks jurisdiction of the subject matter. This is the decision on the motion.

Defendants say this court is without subject matter jurisdiction because the complaint does not allege that the United States District Court for the District of Delaware, which appointed the receiver, consented to the prosecution of this action in Delaware against the receiver. It is argued that without the consent of the District Court, this court is barred from taking jurisdiction.

Plaintiff, on the other hand, argues that this court can take jurisdiction of this action without prior consent of the court which appointed the receiver.

The issue here is a narrow one: Should a suit on a New York judgment filed in this court be dismissed because the Delaware complaint fails to allege that the plaintiff had first obtained consent of the Delaware United States District Court which apointed the receiver?[1]

The prevailing rule is that failure to secure permission of the appointing court is not a jurisdictional bar to an action in another court against the receiver. Baker v. Denver Tramway Co., 72 Colo. 233, 210 P. 845, 29 A.L.R. 1453. See, also, 45 Am.Jur. "Receivers", § 457; 29 A.L.R. 1460. There is some authority to

the contrary. See Godchaux v. Texas & P. Ry. Co., 151 La. 955, 92 So. 398. I find it unpersuasive. Compare Ostrowski v. Miller, 226 Cal.App.2d 79, 88, 37 Cal. Rptr. 790.

Defendants' motion is denied.

It is so ordered.

---

1. Preliminarily, I note that the parties seem to agree that this case does not fall within 28 U.S.C. § 959, which allows suit against receivers without consent with respect to the receiver's transactions or dealings with the receivership property, this not being such a case.