Filed 10/21/24  Pham v. Trident Pacific Real Estate Group CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| NAM PHAM et al., | |
| Plaintiffs and Respondents, | G062599 |
| v. | (Super. Ct. No. 30-2021-01228073) |
| TRIDENT PACIFIC REAL ESTATE GROUP, INC., et al., | O P I N I O N |
| Defendants and Appellants; | |
| CYNTHIA D. RALLS et al., | |
| Objectors and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, William D. Claster, Judge. Affirmed in part, reversed in part, and remanded with directions.

Murphey & Murphey, Meghan C. Murphey and Matthew D. Murphey for Defendants and Appellants.

Nam Pham, in pro. per., for Plaintiff and Respondent.

No appearance for Plaintiff and Respondent DMVH LLC.

Lee, Landrum & Ingle, Cynthia D. Ralls and David S. Lee for Objectors and Respondents.

\* \* \*

A Nevada court appointed Gregory G. Williams and his company, Trident Pacific Real Estate Group, Inc. (collectively, Williams) as receivers to manage property owned by Nam Pham and his company, DMVH LLC (collectively, Pham). After the Nevada receivership ended, Pham filed a complaint in propria persona against Williams in the Superior Court of Orange County (the California action). He later hired counsel and filed an amended complaint.

After filing his amended complaint, Pham sought the Nevada court's permission to sue Williams based on his conduct as receiver. The Nevada court denied his request and issued an injunction enjoining him from continuing the California action. Williams demurred to Pham's operative complaint based on the Nevada court's ruling, and Pham filed an opposition. The trial court sustained the demurrer.

Following this ruling, Williams moved the trial court for sanctions under Code of Civil Procedure section 128.7 (section 128.7) against Pham and his attorneys (collectively, respondents). He argued that Pham's complaints were frivolous when filed because he had not obtained permission to sue him. Williams also asserted respondents had engaged in sanctionable conduct by continuing the litigation despite the Nevada court's injunction.

2

The trial court denied the sanctions motion, concluding Pham had a nonfrivolous argument that, based on some of the acts alleged, leave to sue Williams was unnecessary. It further concluded that Pham and his counsel did not actively litigate the case after the Nevada injunction and therefore were not subject to sanctions for postinjunction conduct.

Williams challenges the trial court's denial of his sanctions motion, largely reiterating his arguments below. As explained below, we conclude the court correctly ruled that Pham's complaints were not frivolous when filed because there was a reasonable argument that leave to sue was unnecessary given Pham's allegations. However, we conclude that Pham's postinjunction opposition to Williams's demurrer was frivolous and therefore sanctionable under section 128.7. Accordingly, we reverse the court's order in part and remand for the court to consider whether to impose sanctions on Pham's trial counsel.

FACTS

I.

THE NEVADA RECEIVERSHIP PROCEEDINGS

In 2018, a Nevada court appointed Williams as a receiver in pending litigation between Pham and a third party. Williams was tasked with managing several Nevada properties owned by Pham. In 2020, the Nevada court approved Williams's final report and accounting and discharged him as receiver.

II.

THE CALIFORNIA ACTION AND RELATED NEVADA PROCEEDINGS

In 2021, Pham filed the California action in propria persona against Williams, alleging fraud and embezzlement, among other things.

3

Pham later hired attorneys to represent him and filed an amended complaint, asserting causes of action for fraud and conversion, among other claims. The amended complaint alleged, inter alia, that Williams had embezzled receivership funds and defrauded the Nevada court in various ways. According to the amended complaint, venue was proper in the Superior Court of Orange County because Williams resided in the county.

After filing the amended complaint, Pham petitioned the Nevada court for leave to sue Williams.[1] The Nevada court denied Pham permission to sue Williams, concluding, inter alia, that it had already considered and rejected his asserted grounds for suing. The Nevada court also issued an injunction, enjoining Pham from continuing the California action.

III.

WILLIAMS'S DEMURRER

Back in California, Williams demurred to the amended complaint. The demurrer was based on the grounds that (1) Pham had not obtained permission to sue him, (2) the Nevada court had enjoined Pham from continuing the action, and (3) Pham's claims were barred by res judicata based on the receivership proceedings.

Pham filed an opposition to the demurrer. He argued that under common law, leave to sue a receiver is unnecessary if the claims concern "ultra vires" acts—conduct beyond the scope of the receiver's authority. He maintained that his claims against Williams concerned ultra vires acts,

---

[1] As explained further below, under both California and Nevada law, a plaintiff generally may not sue a receiver in connection with the receivership without leave of the court that appointed the receiver. (*Ostrowski v. Miller* (1964) 226 Cal.App.2d 79, 84; *Anes v. Crown Partnership, Inc.* (Nev. 1997) 932 P.2d 1067, 1070.)

4

including fraud, self-dealing, and commingling of private and receivership property. Pham acknowledged the Nevada injunction but urged the trial court not to enforce it, criticizing the Nevada proceedings in various ways. He offered no legal analysis or citation to authority in support of his position. Finally, Pham noted that he had appealed the Nevada court's ruling and the appeal was still pending.

The trial court sustained the demurrer without leave to amend. It reasoned that Pham was required to obtain leave from the Nevada court to sue Williams, concluding there was no ultra vires exception to that requirement. The court stayed the case pending resolution of the Nevada appeal.

IV.

WILLIAMS'S MOTION FOR SANCTIONS

After the trial court sustained the demurrer, Williams moved for sanctions against respondents under section 128.7. He argued that Pham's complaints were frivolous when filed because there was no basis to file in California, given that the receivership was created in Nevada and concerned Nevada property. He added that Pham had not obtained permission to sue. Williams also argued that Pham had violated the Nevada injunction by continuing the litigation in California. He maintained this was sanctionable conduct.

The trial court denied Williams's sanctions motion, concluding respondents had not engaged in sanctionable conduct. First, it reasoned it was not frivolous to file suit in Orange County, rather than in Nevada, given that Williams resided in the county. Second, it stated that although "California law d[id] not appear to contain the ultra vires exception [Pham]

5

argue[d] for," it was aware of "no California cases *rejecting* an ultra vires exception." Thus, it concluded Pham had a good faith argument that California law should be extended or modified to contain such an exception.

Finally, as to the Nevada antisuit injunction, the trial court said: "Ordinarily, the [c]ourt would agree [that it was sanctionable not to dismiss the action based on the injunction]. But here, when the [c]ourt sustained [Williams's] demurrer without leave to amend, it did not dismiss the case with prejudice. Instead, the [c]ourt stayed this action to allow [Pham] to pursue appellate review in Nevada. There is no evidence that [Pham] actively prosecuted this action during the stay. Since the [c]ourt itself stayed proceedings pending appellate review in Nevada, the [c]ourt cannot say it was frivolous for [Pham] to follow the [c]ourt's lead and simply do nothing while awaiting the outcome of that review."

After Pham's efforts to overturn the Nevada court's ruling proved unsuccessful, the trial court entered a judgment of dismissal. Williams appealed, challenging the denial of his sanctions motion.

DISCUSSION

Williams contends the trial court erred in concluding that respondents had not engaged in sanctionable conduct. He argues, inter alia, that the complaints were frivolous when filed because Pham had not obtained leave to sue. Alternatively, he claims respondents engaged in sanctionable conduct by continuing this action in violation of the Nevada injunction.

As discussed below, we conclude the trial court correctly ruled that the complaints were not frivolous at filing because respondents had a reasonable argument that leave to sue the receiver was unnecessary based on an ultra vires exception. However, we conclude the court erred by ruling that

6

Pham's trial counsel had not engaged in sanctionable conduct following the Nevada injunction because their opposition to the demurrer lacked an arguable basis in law.[2]

## I.

### SANCTIONS UNDER SECTION 128.7 AND THE STANDARD OF REVIEW

An attorney or unrepresented party who presents a pleading, motion, or similar paper to the court makes an implied "certif[ication]" as to its legal and factual merit (§ 128.7, subd. (b)), and may be sanctioned for violation of this certification. (§ 128.7, subd. (c)). As relevant here, this certification includes a representation that any legal contentions are "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." (§ 128.7, subd. (b)(2).) A party moving for sanctions for the violation of this representation must show that the conduct of the opposing party or its attorney in asserting the relevant claim was "objectively unreasonable." (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 189.) "A claim is objectively unreasonable if 'any reasonable attorney would agree that [it] is totally and completely without merit.' [Citations.]" (*Ibid.*)

---

[2] We reject respondents' contention that we have no jurisdiction over this appeal because the order denying Williams's motion for sanctions is not appealable. Under the "one final judgment" rule, interlocutory or interim orders are reviewable on appeal from the final judgment. (*Rao v. Campo* (1991) 233 Cal.App.3d 1557, 1565.) Although Williams's notice of appeal expressly designated only the order denying sanctions, we construe it to designate the judgment. (*Norco Delivery Service, Inc. v. Owens-Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 960 [notices of appeal are liberally construed in favor of right to appeal].)

If sanctionable conduct under section 128.7 occurred, the trial court has discretion to impose sanctions, and we will reverse its decision not to impose them only if it is arbitrary. (*Kojababian v. Genuine Home Loans, Inc.* (2009) 174 Cal.App.4th 408, 422.) But whether the statute permits a sanctions award based on undisputed facts is a legal question reviewed de novo. (*Ponce v. Wells Fargo Bank* (2018) 21 Cal.App.5th 253, 261.)

## II.

### PHAM'S COMPLAINTS

*A. Applicable Law*

Under California law, receivers generally may not be sued without leave of the court that appointed them. (*Ostrowski v. Miller, supra,* 226 Cal.App.2d at p. 84; 55 Cal.Jur.3d Receivers § 76.) That is also the rule in other states, including Nevada. (E.g., *Anes v. Crown Partnership, Inc., supra,* 932 P.2d at p. 1070; *Mashni v. Foster ex rel. County of Maricopa* (Ariz.Ct.App. 2014) 323 P.3d 1173, 1179; *Summerbrook West, L.C. v. Foston* (Conn.App.Ct. 2000) 742 A.2d 831, 834.) At least some jurisdictions—again, including Nevada—recognize an ultra vires exception to this rule, under which a plaintiff may sue the receiver without leave for acts that exceeded the receiver's authority. (E.g., *Anes v. Crown Partnership, Inc.,* at p. 1070; *Desulme v. Rueda* (Fla.Dist.Ct.App. 2018) 252 So.3d 293, 294.) We are aware of no California caselaw addressing the validity of this exception under California law.

*B. Analysis*

We see no error in the trial court's conclusion that respondents' filing of the complaints was not sanctionable. At the time of filing and up to the Nevada court's injunction, Pham had a nonfrivolous argument that the

8

action could be pursued without leave of the appointing court based on the ultra vires exception. As noted, other jurisdictions have recognized this exception, and we are aware of no California authority rejecting it. And at least some claims in Pham's complaints alleged actions outside Williams's authority as receiver. For instance, Pham alleged that Williams had embezzled receivership funds.[3] (See *Kohlrautz v. Oilmen Participation Corp.* (9th Cir. 2006) 441 F.3d 827, 836 [receiver exceeded authority by acting partially toward third party].) Thus, the complaints were not frivolous at the time of filing merely because Pham had not obtained leave to sue.

Williams asserts it is irrelevant that respondents "*could have argued* for an 'ultra vires' exception under California law" because they "*did not argue* for any extension or change in California law."(Boldface omitted.) But even assuming an express argument may be necessary under some circumstances to avoid potential sanctions under section 128.7, it would not have been proper for respondents to include legal argument in Pham's complaints. (§ 425.10, subd. (a)(1) [complaint must contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language"]; *640 Tenth LP v. Newsom* (2022) 78 Cal.App.5th 840, 852, fn. 7 ["We disregard everything in the [c]omplaint other than well-pleaded factual allegations and matters properly subject to judicial notice"].)

---

[3] Williams did not argue below and does not argue on appeal that respondents should be sanctioned based on particular frivolous allegations, as opposed to the filing of the action as a whole. We therefore do not consider the matter. (See *In re Javier G.* (2006) 137 Cal.App.4th 453, 464 ["Generally, issues not raised in the trial court cannot be raised on appeal"].)

Williams suggests any conclusion that respondents could have argued for an ultra vires exception "is belied by the fact that [respondents] did in fact seek permission to sue from the appointing court." (Italics omitted.) We disagree. Respondents may have wanted to play it safe, fearing that their ultra vires argument would fail as to some or all their claims. But that does not negate the objective reasonableness of the argument.

Williams contends that even if Pham arguably was not required to obtain leave to sue, his complaints were legally frivolous because his claims were indisputably barred by res judicata. However, Williams forfeited this argument by failing to raise it in his motion for sanctions below: he argued only that (1) there was no basis to sue in California, as opposed to Nevada, (2) Pham needed but was denied permission to sue, and (3) the Nevada court had enjoined Pham from maintaining this action. Williams had argued res judicata in his demurrer, citing the Nevada decision. But that is different from arguing it was indisputable at the time of filing that res judicata barred the action—Williams's required showing. (*Bucur v. Ahmad, supra*, 244 Cal.App.4th at p. 189.)

In response to our invitation for supplemental briefing on the issue of forfeiture, Williams asserts he did raise res judicata in his sanctions motion. He points to the following elements of his memorandum in support of the motion: (1) conclusory statements in the procedural history section; (2) related legal principles in the "applicable law" section; and (3) a related citation in a subsection concerning the Nevada injunction. He also points to his reply in support of the motion, which contained related conclusory statements in the introduction and additional conclusory statements in a subsection on the extension of existing law. We are unpersuaded. These

10

conclusory statements and undeveloped propositions, scattered in sections devoted to different arguments or to no argument at all, did not provide Pham or the trial court notice that Williams was asserting res judicata as a basis for sanctions. It is therefore unsurprising that the court did not address the issue of res judicata in ruling on the motion. Thus, Williams forfeited the issue. (*In re Javier G., supra*, 137 Cal.App.4th at p. 464.)

Moreover, the appellate record does not include records of the initial receivership proceedings in Nevada. Even assuming Pham attempted to raise all his claims in that proceeding in some form, we cannot determine based on the record that at the time of filing, it was indisputable that the Nevada court had considered and rejected them. In denying Pham leave to sue, the Nevada court later stated that it had done so, but respondents did not have the benefit of that determination at the time the complaints were filed. Accordingly, we find no error in the trial court's conclusion that the filing of the complaints was not sanctionable.[4]

III.

CONTINUING THE ACTION AFTER THE NEVADA INJUNCTION

The trial court erred in concluding that the conduct of Pham's trial counsel following the Nevada antisuit injunction was not sanctionable. Generally, "one enjoined by another jurisdiction from maintaining an action in this state '*will not be permitted to proceed with his suit.*'" (*Smith v. Walter E. Heller & Co.* (1978) 82 Cal.App.3d 259, 271.) The court did not suggest

---

[4] Williams contends the issue of venue is "*wholly irrelevant*" to the analysis and presents no meaningful independent argument that respondents' choice to file this action in California, as opposed to Nevada, was baseless. We therefore do not address the issue further.

there were arguable grounds to reject the Nevada injunction; nor do Pham's counsel assert this position on appeal.

Yet after the Nevada court issued its injunction enjoining Pham from continuing this action, his trial counsel filed an opposition to Williams's demurrer, defending Pham's right to maintain the action. Their opposition urged the trial court not to enforce the injunction but offered no reasoned argument in support. The court overlooked this effort when it concluded that counsel's postinjunction conduct was not sanctionable, focusing instead on their inaction during the subsequent stay. Pham's trial counsel do the same in their appellate briefs. As their opposition to the demurrer rested on no arguable grounds, we conclude it was frivolous and therefore qualified for sanctions under section 128.7, subject to the court's discretion.[5]

Williams contends in conclusory fashion that the trial court was required to impose sanctions under section 128.7. But even when sanctionable conduct under the statute occurred, the trial court retains discretion to determine whether a sanction is warranted. (*Kojababian v. Genuine Home Loans, Inc., supra*, 174 Cal.App.4th at p. 422.) Williams provides no reasons we should preclude the court from making this determination in the first instance.

---

[5] To the extent Williams contends Pham himself was subject to sanctions under section 128.7, either for opposing Williams's demurrer or for failing to dismiss the action, he is mistaken. Section 128.7 permits sanctions against an attorney or *unrepresented* party, and only for a pleading, motion, or similar paper. (§ 128.7, subds. (b).) Williams points to no relevant propria persona filing by Pham after the Nevada court injunction. Thus, Pham is not subject to sanctions under section 128.7.

## DISPOSITION

The judgment is affirmed in part and reversed in part. The matter is remanded for the trial court to exercise its discretion whether to sanction Pham's trial counsel under section 128.7, consistent with this opinion. We express no view as to whether sanctions are appropriate. Pham shall recover his costs on appeal. The remaining parties shall bear their own costs.


O'LEARY, P. J.

WE CONCUR:


SANCHEZ, J.


GOODING, J.

13