[Sac. No. 1149.   Department One.—August 13, 1904.]

## TOWN OF SUSANVILLE, Respondent, v. THOMAS H. LONG, Appellant.

LIQUOR LICENSE—ACTION BY TOWN—INSTITUTION BY MARSHAL—EVIDENCE.—Under a town ordinance imposing a liquor license, and providing that the marshal shall commence suit therefor in the name of the town, in an action by the town, the testimony of the marshal that he consulted with the attorney for the town, and gave him a list of those persons refusing to take out a license, for the purpose of having this and other actions instituted, sufficiently shows the institution of the suit by the marshal.

ID.—CAPACITY TO SUE—WAIVER OF OBJECTION.—Where the defendant did not raise the question of the capacity of the town to bring the suit, either by demurrer or answer, he is deemed to have waived it.

ID.—ACTION FOR QUARTERLY LICENSE-FEE—INDEBTEDNESS TO TOWN—SUPPORT OF FINDING.—In an action to recover a quarterly license-fee, evidence showing that the defendant carried on the business of selling liquors during a quarter without having taken out a license therefor, though demand had been made therefor by the town marshal, and that the ordinance required a license-fee of fifty dollars per quarter, sufficiently supports a finding that the defendant was indebted to the town in the sum of fifty dollars.

ID.—PASSAGE OF ORDINANCE—TRUSTEES DE FACTO.—The town ordinance cannot be collaterally assailed by the defendant on the ground that it was not passed by trustees *de jure.* It is sufficient that they were at least trustees *de facto* when they passed the ordinance. The lawful acts of an officer *de facto,* so far as the rights of third persons are concerned, if done within the scope and by the apparent authority of office, are as valid and binding as if he were the officer legally elected and qualified for the office, and in full possession of it:

Id.—Regular Meeting—Adjournment—Presumption upon Appeal.—
Where an ordinance fixing the time for regular meetings was passed
at a regular meeting, which was regularly adjourned to the date
at which the liquor ordinance was passed, if the record upon appeal
is silent as to the time of its introduction, it must be presumed
that it was introduced at least five days before its passage.

Id.—Evidence—Waiver of Objection—General Objection.—Where the
ordinance, when introduced in evidence, was not objected to on the
ground that it was not properly introduced, objection on that ground
is waived. Such objection was not included in the general objection
that the ordinance was irrevelant, incompetent, and immaterial.

APPEAL from a judgment of the Superior Court of Lassen
County. F. A. Kelley, Judge.

The complaint alleged that the defendant carried on the
business of selling liquor without a license from the first day
of April, 1902, to and including the thirtieth day of June
following, after having refused to take out the license-fee
of fifty dollars therefor, as required by the ordinance pleaded,
and demanded judgment therefor. The court found that the
fee of fifty dollars per quarter was imposed by the ordinance,
and that the quarters were fixed so as to begin with the first
days of January, April, July, and October, and found in
favor of the allegations of the complaint and that the de-
fendant is indebted to plaintiff in the sum of fifty dollars.

Further facts are stated in the opinion.

N. J. Barry, for Appellant.

H. D. Burroughs, and J. E. Pardee, for Respondent.

COOPER, C.—Action to recover fifty dollars claimed to
be due the plaintiff from defendant as a license for carrying
on the business of selling intoxicating liquors within the cor-
porate limits of plaintiff, under ordinance No. 7, in force at
the time of carrying on such business.

Findings were filed and judgment ordered and entered in
favor of plaintiff as prayed. Defendant prosecutes this ap-
peal from the judgment on the judgment-roll, accompanied
by a bill of exceptions.

It is contended that the suit should have been commenced
by the marshal of the town, and not by the trustees. The
ordinance provides that the marshal shall commence suit in

the name of the "Town of Susanville." The marshal testified that he consulted with the attorney for the plaintiff and gave him a list of those persons refusing to take out a license, for the purpose of having this and other actions instituted. This was sufficient to show the institution of the suit by the marshal. But were it otherwise the defendant did not raise the question as to the legal capacity of plaintiff to bring the suit, either by demurrer or answer, and is therefore deemed to have waived it. (Code Civ. Proc., secs. 430, 433, 434.)

It is next argued that the evidence is insufficient to support the finding of the court "that the defendant is indebted to the plaintiff in the sum of fifty dollars." The bill of exceptions shows that "defendant engaged in the business of selling liquor within the corporate limits of said town of Susanville between the dates mentioned in plaintiff's complaint, and that he carried on such business without having secured a license therefor, or paying the fee or charge therefor as required by ordinance No. 7 of said town, although a demand to take out and pay for such license had been made upon him by the marshal of said town."

It also shows that the ordinance required a license-fee of fifty dollars per quarter to be paid before carrying on the business of selling intoxicating liquors within the corporate limits of plaintiff. This is sufficient to support the finding.

Finally, it is claimed that the ordinance involved is void, because not passed by trustees who were such *de jure.* The bill of exceptions shows that plaintiff was duly incorporated on the twentieth day of August 1900, and that "C. E. Emerson, J. H. Riley, J. E. Humphrey, H. W. Meylert, and J. E. Pardee were duly elected trustees of said town and that they qualified as such trustees on the twenty-fifth day of August, 1900"; that for more than ninety days said trustees failed and neglected to exercise any of the duties or functions of their respective offices; that thereafter, on March 5, 1902, the governor of the state appointed four of the same parties as trustees, and also apointed one Asher instead of said Humphrey; that the said trustees so appointed "took the oath of office as said trustees in the manner prescribed by law and filed the same in the offices of the secretary of state and county clerk of Lassen County, and thereafter duly met as such trustees."

The ordinance was passed March 25, 1902. The trustees were at least officers *de facto* when they passed the ordinance. Defendant will not be allowed in this proceeding, in which the trustees are not parties, to collaterally attack their title to office. Persons claiming to be public officers while in possession of an office, ostensibly exercising its functions lawfully and with the acquiescence of the public, are *de facto* officers. Third persons cannot be expected to know, nor to investigate in every instance, the title to such offices. As to them, such officers are what they appear to be, the lawful occupants of the office.

The lawful acts of an officer *de facto,* so far as the rights of third persons are concerned, are, if done within the scope and by the apparent authority of office, as valid and binding as if he were the officer legally elected and qualified for the office and in full possession of it. The law provides machinery for trying the title to an office in an action in which the officer is a party, and the right to the office is the question involved. To allow every person prosecuted for the violation of an ordinance, in the proceedings in which he is prosecuted, to question the legality of the formation of the municipal corporation, or the title to office of its various officers, would lead to endless confusion, and embarrass the government of such municipal corporation. The taxpayer could refuse to pay taxes and defend a suit brought for their collection on the ground that the assessor was not the *de jure* assessor, or that tue tax-collector was not the *de jure* tax-collector. A person charged with resisting an officer could defend upon the ground that the officer had not been legally elected or appointed, and so on through the various departments of the municipal government in its varied business transactions with its citizens. It is hardly deemed necessary to cite authorities in support of the principles herein stated, but the following are in point: 1 Dillon on Municipal Corporations, 4th ed., p. 305; Mechem on Public Offices and Officers, sec. 330; McQuillin on Municipal Ordinances, sec. 96; 8 Am. & Eng. Ency. of Law, 2d ed., p. 823, and note; *People* v. *Sassovich,* 29 Cal. 485; *Hull v. Superior Court,* 63 Cal. 176.

Appellant further claims that the ordinance is void, because at the time it was introduced no time for holding regular meetings had been fixed by ordinance.

Section 861 of the Municipal Corporation Act provides in terms that no ordinance shall be passed at any other than a regular meeting. The bill of exceptions shows that ordinance No 1, fixing the fourth Monday in each month as the time for holding regular meetings, was passed at a regular meeting on March 24, 1902, and so far as appears five days after its introduction. This meeting was regularly adjourned till the evening of Tuesday, March 25, 1902, when ordinance No. 7, fixing the license in contest, was passed. The record fails to show when this ordinance was introduced, but it will be presumed here that it was introduced at least five days before it was passed. Not only this, but when the ordinance was offered in evidence no such objection was made to it. The objection was upon the ground that it was irrelevant, incompetent, and immaterial. It was certainly relevant, competent, and material.

We advise that the judgment be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Angellotti, J., Shaw, J., Van Dyke, J.

Hearing in Bank denied.