[Civ. No. 28561. First Dist., Div. Four. Jan. 28, 1972.]

OAKLAND MUNICIPAL IMPROVEMENT LEAGUE et al.,
Plaintiffs and Appellants, v.
CITY OF OAKLAND, Defendant and Respondent.

## COUNSEL

Carroll, Burdick & McDonough, Christopher D. Burdick and J. D. Burdick for Plaintiffs and Appellants.

Edward A. Goggin, City Attorney, and David A. Self, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**DEVINE, P. J.**—A petition for writ of mandate and prohibition, in which plaintiffs sought to have the City of Oakland, its council and its city manager prevented from acting under its charter of 1969, having been dismissed by the superior court, plaintiffs appeal. They contend that the charter should be declared void because of defects in the process of enactment.

Plaintiffs are the Oakland Municipal Improvement League, an association which was organized for the purpose (among others) of defeating the charter at the November 5, 1968, election; several labor unions, including those composed of active and retired municipal employees; individual employees of the city; and a taxpayer who purports to act for all of the taxpayers of the city as well as for himself.

The alleged defects in the enactment of the charter are: 1) The entire charter, as proposed, was not published in the official newspaper of the city as required by the Constitution, article XI, section 8, subdivisions (d) and (h), but was published in part only, because certain sections of the old charter, which were carried into the new, were simply incorporated by reference in the publication. 2) Copies of the proposed charter were not timely mailed to the voters, in violation of the same subdivisions of the Constitution. 3) A purported "Explanatory Statement" which was mailed to the voters by direction of the city council was in fact an argument in favor of the new charter. 4) Some 75 or 100 copies of the pamphlet containing the proposed charter omitted the word "no" from the sentence, "The City Council shall have no administrative powers."

By way of showing that they had exhausted other means of preventing the effectuating of the new charter, plaintiffs allege that they sought to prevent the proposed charter from being submitted to the voters, by petition for writs of prohibition and mandate, but that the court denied the petition on the ground that notwithstanding possible defects, the court should not interfere with the electoral process. Plaintiffs then sought the same relief from the Supreme Court, but their petition was denied on October 23, 1968. Of course, the plaintiffs took an active part in attempting to have the charter defeated at the polls, but they were unsuccessful. On November 5, 1968, the charter was approved by a vote of 65,350 for and 63,609 against. Following the adoption of the proposed new city charter by the voters, appellants appeared in Sacramento to urge the Legislature to refuse to ratify the charter or if the Legislature would not do that, to cause the Legislature to make the asserted defects appear on the face of the concurrent resolution, so that an attack could be renewed in court. (*People* v. *County of Santa Clara*, 37 Cal.2d 335, 339 [231 P.2d 826].) Many exhibits were submitted to the Senate Rules Committee and the Assembly Rules Committee, and appearances were made before those committees by attorneys for both sides. On January 27, 1969, the charter was approved by the Legislature (Stats. 1969, res. ch. 21, p. 3528). The resolution recites that "Proceedings have been taken and had in accordance with all applicable law for the proposal, adoption and ratification of a certain new Charter of the City of Oakland, a municipal corporation in the County of Alameda." On January 28, 1969, the resolution of approval was filed in the office of the Secretary of State.[1]

On February 24, 1969, the present proceeding was commenced. A general demurrer to the petition was overruled and the city filed an answer. But on October 30, 1969, the city filed a motion to dismiss on the ground that the court lacked jurisdiction of the proceedings, because the only attack which could be made on the charter, which had become effective upon filing with the Secretary of State, would be a quo warranto proceeding. The superior court granted the city's motion, stating, "since the Charter has now been in effect since January 28, 1969, it may only be attacked, if at all, in *quo warranto* proceedings brought by the Attorney General of the State of California."

## EXCLUSIVENESS OF QUO WARRANTO

Appellants' first point is that quo warranto is not the only remedy available. They concede that the Supreme Court has said otherwise, in

---

[1]Certain of the facts stated above are not contained in the petition, but are conceded to be true by the briefs of both parties.

*County of Santa Clara* v. *Hayes Co.*, 43 Cal.2d 615, 618 [275 P.2d 456], wherein there is this language: "Once the charter had been put into effect, however, it could only be attacked in quo warranto proceedings. (*Taylor* v. *Cole*, 201 Cal. 327, 333, 338-340 [257 P. 40], and cases cited; see *American Distl. Co.* v. *City Council of Sausalito*, 34 Cal.2d 660, 667 [213 P.2d 704, 18 A.L.R.2d 1247].)" They say, however, that this was dictum, which they urge us boldly to disapprove; but it was not dictum. The city council was suing a printing company for damages for publishing a garbled version of a charter which was so defective that the charter had been invalidated in the quo warranto proceeding, as described in the opinion of *People* v. *County of Santa Clara*, 37 Cal.2d 335 [231 P.2d 826]. In the damages case, the question was whether the statute of limitations began from the date the mistake was made or from the time the charter was invalidated. The court held that it was the latter, because the county could not attack a charter, valid on its face, in an action against defendant (for only the Attorney General could commence such an action in the name of the People), and thus establish damages flowing from the mispublications. Thus the matter of quo warranto was an integral part of the decision.

But besides this, the recognition of the exclusiveness of quo warranto in the *County of Santa Clara* case, it has been held that, absent constitutional or statutory regulations providing otherwise, quo warranto is the only proper remedy in cases in which it is available. (*Cooper* v. *Leslie Salt Co.*, 70 Cal.2d 627, 632-633 [75 Cal.Rptr. 766, 451 P.2d 406]; *San Ysidro Irr. Dist.* v. *Superior Court*, 56 Cal.2d 708 [16 Cal.Rptr. 609, 365 P.2d 753].) Appellants do not contend that a quo warranto proceeding would not be available, nor could they do so successfully. (See *People* v. *County of Santa Clara*, 37 Cal.2d 335 [231 P.2d 826]; *People* v. *City of San Buenaventura*, 213 Cal. 637 [3 P.2d 3].) It follows that such a proceeding is exclusive.

## ASSERTED WAIVER

Applicants contend that even if quo warranto were the exclusive remedy in this case, respondent failed to raise the issue by way of demurrer or in its answer, and therefore has waived any objections. In support of this proposition, appellants cite Code of Civil Procedure, section 434. Appellants assert that the issue herein was apparent from the face of the complaint, and that such objection is in reality a plea in abatement, which must be raised at the earliest possible moment (citing 2 Witkin, Cal. Procedure (1971) § 554, p. 1553 [3 Witkin, Cal. Procedure (2d ed. 1971) § 953, p. 2533], and *Town of Susanville* v. *Long*, 144 Cal. 362 [77 P. 987]).

In the *Town of Susanville* case, the ordinance had specifically provided that the town marshal should commence suit to collect liquor licenses in the name of the "Town of Susanville." This the marshal did; wherefore, there was no defect whatever. The court observed that "were it otherwise the defendant did not raise the question as to the legal capacity of plaintiff to bring the suit, either by demurrer or answer, and it is therefore deemed to have waived it. (Code Civ. Proc., §§ 430, 433, 434.)" (144 Cal. at p. 364.)

The statement in the *Town of Susanville* case, however, together with the Witkin text does not apply to the case before us. The distinction relative to our case was announced in *Klopstock* v. *Superior Court,* 17 Cal.2d 13, 17-19 [108 P.2d 906, 135 A.L.R. 318], which specifically distinguishes the *Town of Susanville* (at p. 18), and in *Parker* v. *Bowron,* 40 Cal.2d 344, 351-352 [254 P.2d 6]. ■ It is this: the question of *standing* to sue is different from that of capacity. Incapacity is merely a legal disability, such as infancy or insanity, which deprives a party of the right to come into court. The right to relief, on the other hand, goes to the existence of a cause of action. The issue of right to relief, standing to sue, as is the lack of capacity to sue, is a matter of mere abatement.[2] The appropriate reference to Witkin is volume 3, California Procedure (2d ed. 1971) section 814, page 2424, which cites the *Klopstock* and *Parker* cases.

■ In a case in which quo warranto is the proper remedy, the cause of action is vested in the People, and not in any individual or group, no matter how affected they may be, or how much more the subject matter may touch their interests than it does other members of the citizenry. They simply are not entitled to sue. (*Taylor* v. *Cole,* 201 Cal. 327, 333 [257 P. 40]; *County of Santa Clara* v. *Hayes Co., supra,* 43 Cal.2d at p. 618.) ■ Where the complaint states a cause of action in someone (here, in the People) but not in the plaintiff, a general demurrer for failure to state a cause of action will be sustained (*Klopstock* v. *Superior Court, supra,* 17 Cal.2d at pp. 18-19), or the issue may be raised at any time in the proceedings, as by objection to the introduction of any evidence (*Parker* v. *Bowron, supra,* 40 Cal.2d 344). In the instant case, respondent demurred generally on the ground that the petition does not state facts sufficient to constitute a cause of action. This was sufficient to raise the question of

---

[2]The fact that the issue of lack of standing is not a plea in abatement distinguishes the case from another one on which appellants rely, *Ostrowski* v. *Miller,* 226 Cal. App.2d 79 [37 Cal.Rptr. 790]. In that case, it was held that objection by a defendant receiver that plaintiff had not obtained the consent of the appointing court to sue the receiver was a plea in abatement (p. 86).

standing to sue. Although the point of exclusiveness of quo warranto apparently was not specifically argued in support of the demurrer (we have before us respondent's memorandum of points and authorities in support of the demurrer) and the demurrer was overruled, no waiver existed because, according to the cases just cited, the issue could be raised at any time and this was done effectively by the motion to dismiss.

## Constitutional Issues

Appellants contend, finally, that the rule of exclusiveness of quo warranto proceedings denies them the equal protection of the law, in violation of the Constitutions of the United States and of the State of California. Although this contention was not made in the trial court, we deem it appropriate to discuss it. It presents an issue of law alone (see *Ward* v. *Taggart*, 51 Cal.2d 736, 742 [336 P.2d 534]). Appellants urge that the recent cases emphasizing judicial protection given to the right to vote, such as *Reynolds* v. *Sims*, 377 U.S. 533 [12 L.Ed.2d 506, 84 S.Ct. 1362], should cause the courts to reexamine quo warranto, particularly as it applies to the validity of a municipal corporation, because defects in the electoral process of adopting a charter adversely affect the right of the voter.

Appellants' assertion of denial of equal protection is this: as the law of quo warranto stands it favors those persons who attack a proposed charter before it has been ratified by the Legislature to proceed with judicial remedies on their own initiative, but deprives those who would attack the charter after ratification by the Legislature of judicial relief at their own instance, granting the right to sue to the Attorney General only. The distinction, they say, is an artificial and unreasonable one.

We do not regard the distinction to be unreasonable. The Legislature has the constitutional duty of seeing that the steps taken by the local authorities complied with the Constitution, in making its decision whether to approve or reject the charter in toto. (*People* v. *County of Santa Clara*, 37 Cal.2d 335, 339 [231 P.2d 826].) The Legislature's act of approval is part of the process of enacting a legislative act; wherefore, the courts do not look beyond the resolution of the Legislature approving the charter. (*People* v. *County of Santa Clara*, *supra*, at p. 338; *Santa Clara County* v. *Superior Court*, 33 Cal.2d 552 [203 P.2d 1]; *Taylor* v. *Cole*, 201 Cal. 327 [257 P. 40]; *Spaulding* v. *Desmond*, 188 Cal. 783 [207 P. 896]; *People* v. *City of San Buenaventura*, 213 Cal. 637 [3 P.2d 3].) It would be as inappropriate for the court to consider whether the Legislature had performed its constitutional duty properly as it would be for the Legislature

to resolve that the court had not reached a decision upon adequate research and reflection. Appellants suggest that ratification of a charter by the Legislature is a perfunctory matter. But besides the fact that this, as we have said, is not a subject for our inquiry, we note that in *People* v. *County of Santa Clara, supra,* the Legislature, although ratifying the charter, stated in the resolution certain defects in the enacting procedure. That the Legislature did not, in the resolution in the present case, note any defects may have been simply because of its conclusion that there were not any, or at least not any which were of sufficient substance to be noted. The public is entitled to a sense of security upon the ratification of a charter.

But the security is not absolute, and the charter is not beyond attack. What has happened upon the filing of the ratified charter is the withdrawal of the right to attack it by anyone except the Attorney General, acting for the People. Here again, a duty must be met. When relators appear before the Attorney General, as appellants did, following ratification, the Attorney General must decide whether in all good conscience he should commence proceedings quo warranto. Some of the propositions before him may be debatable, but this does not mean that he abuses his discretion by refusing to permit a suit in quo warranto. (*City of Campbell* v. *Mosk,* 197 Cal.App. 2d 640, 648 [17 Cal.Rptr. 584].) In the present case, the Attorney General, the Honorable Thomas C. Lynch, gave an impressive answer by letter to counsel for the relators, in which he set forth his conclusions and gave his reasons for them, that the defenses upon which the city would rely were valid (that the incorporation by reference in the publication was legal; that the mailing was timely; that the explanatory statement was proper; that the distribution of the few erroneous copies of the pamphlet was an error *de minimis*; that there was substantial compliance with all constitutional requirements). In addition, the Attorney General was of the opinion that a quo warranto action had been barred by the statute of limitations even before the relators presented the matter to the Attorney General, that there had been withdrawal by individuals and associations from their earlier position of attacking the charter, and that public policy considerations argued against attack which might lead to "untold litigation." This is but a brief summary of the Attorney General's communication and, of course, is not intended as a decision that everything contained in it is judicially declared to be correct, but only that the process of examination has been thorough, a matter going to the reasonableness of the classification which appellants challenge as unconstitutional.

But if the Attorney General were to act in any case in an arbitrary way, denying without good cause a well-founded case presented by relators, it

may be that he could be compelled by writ of mandate to proceed in the name of the People. (*Lamb* v. *Webb,* 151 Cal. 451 [91 P. 102, 646]; *City of Campbell* v. *Mosk,* 197 Cal.App.2d 640 [17 Cal.Rptr. 584].) It has not flatly been held but only suggested in these cases that this might be done, but it would be preferable so to hold outright if it were necessary, rather than to declare the established rules of quo warranto, with the assurance they bring about ratified charters, to be unconstitutional.

The judgment of dismissal is affirmed.

Rattigan, J., and Bray, J.,* concurred.

A petition for a rehearing was denied February 25, 1972.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.