Filed 12/13/23 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE ex rel. MICHAEL SCHLESINGER,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>ED SACHS et al.,<br><br>    Defendants and Appellants. | G061838<br><br>(Super. Ct. No. 30-2022-01262431)<br><br>ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on December 4, 2023, be modified as follows:

On page 2, in the counsel listing for Plaintiff and Respondent, replace "Moskowitz Appellate Team and Myron Moskowitz" with "Moskovitz Appellate Team and Myron Moskovitz."

On page 12, first and second line from the top, delete "Sachs, Raths, and Bucknum from the ballot for the November 2022 election" and in its place insert "the designations of Sachs, Bucknum, and Raths as incumbents."

There is no change in the judgment.

SANCHEZ, J.

WE CONCUR:

MOORE, ACTING P. J.

MOTOIKE, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE ex rel. MICHAEL SCHLESINGER,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>ED SACHS et al.,<br><br>    Defendants and Appellants. | G061838<br><br>(Super. Ct. No. 30-2022-01262431)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Walter P. Schwarm, Judge. Affirmed. Defendants' request for judicial notice. Granted. Plaintiff's request for judicial notice in support of respondent's brief. Denied. Defendants' request for judicial notice in support of appellants' opening brief. Denied. Plaintiff's request for judicial notice and to augment the record. Denied.

Ring Bender, Patrick K. Bobko, Norman A. Dupont, Jay A. Tufano; Harper & Burns, William P. Curley, III, Colin Burns, Alexandra Halfman; Klapach & Klapach and Joseph S. Klapach for Defendants and Appellants.

Bunsow De Mory, Aaron R. Hand; Brower Law Group, Lee K. Fink; The Law Offices of Brett Murdock, Brett M. Murdock; Moskowitz Appellate Team and Myron Moskowitz for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

A judgment for writ of quo warranto entered in September 2022 ordered and decreed the removal from office of Ed Sachs, Wendy Bucknum, and Greg Raths as members of the City of Mission Viejo (Mission Viejo) City Council. The quo warranto judgment adjudged Sachs, Bucknum, and Raths to be holding office unlawfully because their respective two-year terms of office, to which each had been elected in November 2018, had expired in December 2020.

Sachs, Bucknum, Raths, and Mission Viejo (collectively defendants) appeal from the judgment for quo warranto. We affirm.

Sachs, Bucknum, and Raths were elected to the Mission Viejo City Council in November 2018 for two-year terms of office, rather than four years as prescribed by Government Code section 57377 (section 57377), pursuant to the terms of a stipulated judgment by which Mission Viejo settled a lawsuit brought to address violations of the California Voting Rights Act of 2001 (Elec. Code, § 14025 et seq.: CVRA). The intent of the stipulated judgment was to remedy the dilution of minority group voting rights by implementing a system of cumulative voting for Mission Viejo City Council members to start with the November 2020 general election.

To maximize the remedial effect of cumulative voting, the stipulated judgment provided that city council members elected in November 2018 would have two-year terms of office so that all five city council seats would be up for election in the November 2020 general election and every general election thereafter. Sachs, Bucknum,

2

and Raths were city councilmembers at the time who voted to approve the stipulated judgment.

By July 2020 it became clear that cumulative voting could not be implemented in time for the November 2020 general election. As a consequence, Mission Viejo entered into an amended stipulated judgment pushing the date for cumulative voting back to the November 2022 general election. Sachs, Bucknum, and Raths did not stand for reelection in November 2020 but continued to hold office after December 2020, when their two-year terms expired. After seeking leave from the California Attorney General, plaintiff Michael Schlesinger brought this lawsuit in quo warranto as relator on behalf of the Attorney General to remove Sachs, Bucknum, and Raths from office.

The cornerstone of defendants' appeal is the argument that Elections Code section 14029, which authorizes broad remedies for violations of the CVRA, does not permit the implementation of two-year terms of office for city councilmembers because section 57377 imposes an ironclad requirement of four-year terms. Although Sachs, Bucknum, and Raths, as Mission Viejo city councilmembers voted to approve the stipulated judgment, they argue now, as they did before the trial court, that the provision in the stipulated judgment that council members elected in 2018 serve two-year terms of office violates section 57377. Sachs, Bucknum, and Raths claim that, as a consequence, they must be deemed to have been elected in November 2018 as councilmembers to four-year terms of office and were entitled to stay in office past their two-year terms. Accordingly, defendants argue, Sachs, Bucknum, and Raths were lawfully holding office when the judgment for writ of quo warranted was entered in August 2022.

We do not need to address "the interplay" between Elections Code section 14029 and section 57377, as defendants claim we are called upon to do. Assuming defendants' construction and harmonization of Elections Code section 14029 and section 57377 are correct, the result they propose—that Sachs, Bucknum, and Raths receive

3

four-year terms of office—is not.  In November 2018, Sachs, Bucknum, and Raths were elected as city councilmembers for two-year terms, not four-year terms.  Preelection public announcements told the voters that Sachs, Bucknum, and Raths were running for two-year terms, the public election notice stated they were running for two-year terms, and the city council resolution declaring the election results declared that Sachs, Bucknum, and Raths had been elected for two-year terms.  We uphold the results of the November 2018 municipal election by affirming the judgment of quo warranto.

The judgment adjudges Sachs, Bucknum, and Raths to be "guilty of usurping or intruding into, or unlawfully holding . . . office as member of the City Council of Mission Viejo."  This is traditional quo warranto language taken from Code of Civil Procedure section 803.  We stress that quo warranto is a civil proceeding, not a criminal prosecution, and Sachs, Bucknum, and Raths have neither been charged with nor convicted of any crime.

FACTS

I. *The CVRA Lawsuit Against Mission Viejo and the Stipulated Judgment*

Mission Viejo is a general law city[1] governed by a city council comprised of five members who for many years were elected for four-year, staggered terms. (Mission Viejo Mun. Code, §§ 2.04.010 to 2.04.140; see Gov. Code, §§ 34101, 36501, subd. (a), 36503, 57377; Elec. Code, § 1301, subd. (b).)  For several decades, Mission Viejo used an "at-large" voting system under which each councilmember represented the entire city and each voter had the right to vote for all open council seats.  (Elec. Code, § 14026, subd. (a).)

---

[1] California law recognizes two types of cities.  A municipality organized under a charter is a charter city.  (Gov. Code, § 34101.)  A municipality organized under the general law of the state is a general law city.  (Gov. Code, § 34102; *Jauregui v. City of Palmdale* (2014) 226 Cal.App.4th 781, 794.)

4

In 2018, the Southwest Voter Education Registration Project (SVERP) brought a lawsuit against Mission Viejo to challenge its at-large voting system. The SVERP alleged Mission Viejo's at-large system for council elections diluted the voting rights of Latino voters and thereby violated the CVRA. The lawsuit was settled in July 2018 by means of a stipulated judgment (the Stipulated Judgment) providing that all elections for the Mission Viejo City Council would use cumulative voting unless Mission Viejo were to adopt voting by districts.[2]

Cumulative voting gives each voter as many votes as there are council seats available and allows each voter to allocate more than one vote to any candidate. As an example, if three seats are up for election, a voter may use three votes for one candidate, two votes for one candidate and one vote for another, or one vote for each candidate. Cumulative voting can make it easier for minority groups to achieve representation. In district-based voting, a city is separated into geographical districts, each represented by a council member, and voters within each district vote only for a candidate to represent their district. (Elec. Code, § 14026, subd. (b); Gov. Code, § 34871.)

The Stipulated Judgment also provided that starting in November 2020 council elections no longer would be staggered and voters simultaneously would elect all five council seats every four years. Mission Viejo was required to amend its municipal code to reflect this change. When the Stipulated Judgment was entered, Sachs, Bucknum, and Raths were serving as Mission Viejo City Council members with terms that were set to end in December 2018. In order for all five council seats to be up for election in 2020, the Stipulated Judgment provided that the elections in 2018 for the seats held by Sachs, Bucknum, and Raths would be for two-year terms. In succeeding

---

[2] The Stipulated Judgment states that cumulative voting shall be employed "in the same manner as order by the court in *United States v. Village of Port Chester* (S.D.N.Y. 2010) 704 F.Supp.2d 411."

5

elections after 2018 (2020, 2024, 2028 etc.), the term of office for councilmembers would be four years.

The trial court signed the Stipulated Judgment without conducting a hearing and, in accordance with its terms, retained jurisdiction. Soon after entry of the Stipulated Judgment, Mission Viejo issued a public announcement stating, "Mission Viejo City Council Members voted into office this November will serve for two years rather than the traditional four-year terms." When the candidate filing period for the 2018 election closed, Mission Viejo issued another public announcement which, after identifying the five candidates, stated, "[T]he five candidates are running for two-year terms rather than the typical four-year term because of the recent Voting Rights Litigation Settlement."

## II. *The November 2018 Municipal Elections*

In July 2018, Mission Viejo issued a public notice of election for its November 2018 election that stated the election would be for three members of the city council for "[f]ull term of two years." The Mission Viejo City Web site announced that Sachs, Bucknum, and Raths were running for two-year terms of office "rather than the typical four-year term because of the recent Voting Rights Litigation Settlement."

At the November 2018 election, Sachs, Bucknum, and Raths were elected to two-year terms. In December 2018, the Mission Viejo City Council adopted resolution No. 18-52 declaring that Sachs, Bucknum, and Raths had been elected as members of the city council for terms of two years. That resolution declared the notice of election to have been lawful and the election complied with statutory requirements for general law cities. Sachs, Bucknum, and Raths voted in favor of the resolution, and Sachs, as mayor, signed it.

III. *Difficulties in Implementing Cumulative Voting*

The California Secretary of State, who supervises all general elections, would not approve the implementation of cumulative voting in Mission Viejo. In a May 2019 letter, the Secretary of State advised the Mission Viejo City Attorney that cumulative voting in a general law city was not permitted unless authorized by the Legislature and "the proposed use of cumulative voting as part of City of Mission Viejo municipal elections raises issues directly related to the ability of the Secretary of State's office to ensure the effective administration of elections in California."

The Secretary of State's chief counsel and the Mission Viejo City Attorney conducted several telephonic discussions in an effort to resolve the matter. Thereafter, by letter dated May 1, 2020, the Secretary of State confirmed her position that cumulative voting in a general law city is not authorized under California law.

IV. *The November 2020 Municipal Election*

On June 23, 2020, Mission Viejo City Council approved a resolution calling for an election in November 2020 for the two council seats that were not held by Sachs, Bucknum, and Raths. The resolution states the terms of office for the seats would be two years. Following a closed session of the city council on June 23, 2020, the city attorney reported that "there has been a stipulated decision between the parties" to the lawsuit, "the Court should have no difficulty embracing the decision," and "the 2020 election will be in the normal format, with two seats for a two-year term and the remaining Council Members will have a four-year term until 2022."

V. *The July 2020 Amended Stipulated Judgment*

To give Mission Viejo more time to implement cumulative voting, SVERP and Mission Viejo in July 2020 jointly applied ex parte to the trial court to amend the Stipulated Judgment. The parties informed the court that the Orange County Registrar of

7

Voters would not agree to a cumulative voting process unless it were first approved by the California Secretary of State, Mission Viejo had participated in discussions with the Secretary of State's office, and that the matter was "more complicated and taking longer" than the parties originally had anticipated. The parties explained that, given the respective positions of the Secretary of State and Orange County Registrar of Voters, a cumulative voting system could not be implemented in time for the November 2020 election.

The court granted the application and ordered the Stipulated Judgment to be amended in these four respects: (1) implementation of cumulative voting would begin with the November 2022 election rather than the November 2020 election; (2) "[a]ll five seats on Defendant's City Council to be up for election in November 2022 and every four years thereafter, rather than November 2020 and every four years thereafter;" (3) the City was to implement limited voting (with each voter receiving one vote)[3] or district-based voting in each election in the event cumulative voting cannot be implemented in that election; and (4) no further postponements of the implementation of the remedial changes to Mission Viejo's election system would be granted for any reason. In all other respects, the Stipulated Judgment was to remain the same. The amendments did not address the three council seats with two-years terms set to expire in 2020.

VI. *The November 2020 Municipal Election*

Mission Viejo held its municipal election in November 2020. In accordance with the Stipulated Judgment, only two council seats rather than five were open for election. Sachs, Bucknum, and Raths did not stand for reelection in 2020. Patricia Kelley and Brian Goodell were elected to the Mission Viejo city council for

---

[3] In limited voting, each voter receives fewer votes than the number of representatives being elected.

two-year terms. The two-year terms meant all five council seats would be up for election in 2022, as required by the amendments to the stipulated judgment.

Sachs, Bucknum, and Raths continued to hold office as city council members after their two-year terms expired in December 2020.

VII. *Adoption of District-Based Elections*

By March 2022, Mission Viejo had concluded that the California Secretary of State was not going to approve a cumulative voting system. After several public meetings, Mission Viejo passed an ordinance changing the method of council elections from at-large to district-based, as permitted by the amended stipulated judgment. Mission Viejo created five geographical districts, one district for each of the five council seats. A candidate would be ineligible for election as a council member unless the candidate resided within the district from which the candidate was nominated. The ordinance adopting district-based voting also staggered city council elections such that district 1, 3, and 5 seats would be open for election in November 2022, and district 2 and 4 seats (then held by councilmembers Goodell and Kelley) would be open for election in November 2024.

Mission Viejo held a city council election on November 8, 2022. Sachs and Raths were not reelected. Bucknum was elected in district 5. Two incumbents were returned to office in districts 2 and 4 for four-year terms. Two candidates who were not previously members of the city council were elected in Districts 1 and 3.

PROCEDURAL HISTORY

I. *Plaintiff's Writ of Mandate Lawsuit Against Mission Viejo*

In March 2022, the Mission Viejo City Council voted unanimously to extend the terms of Kelley and Goodell, who had been elected to two-year terms in November 2020, by not placing those two seats up for election on the November 2022

9

ballot. In April 2022, plaintiff filed a lawsuit for writ of mandate against Mission Viejo (*Schlesinger v. City of Mission Viejo*, Orange County Superior Court No. 30-2022-01253878-CU-WM-CJC (*Schlesinger v. Mission Viejo*)) to challenge that decision. The lawsuit sought an injunction to compel Mission Viejo to place those two council seats on the November 2022 ballot.

Mission Viejo opposed issuance of a preliminary injunction. The trial court granted plaintiff's motion for a preliminary injunction and entry of peremptory mandate, thereby ordering Mission Viejo to call an election to fill all five city council seats in the November 2022 election. Mission Viejo soon thereafter adopted a resolution placing all five district council seats up for election at the November 2022 election. That decision was confirmed by another stipulated judgment approved by the trial court.

## II. *The Petition for Writ of Quo Warranto*

In January 2022, plaintiff applied to the California Attorney General to bring a quo warranto action to remove Sachs, Bucknum, and Raths from office. The application for leave to sue alleged the elected terms of Sachs, Bucknum, and Raths had expired.

In May 2022, the Attorney General granted plaintiff's application. The Attorney General did not take sides or attempt to predict the result of a quo warranto lawsuit: The Attorney General concluded that the issue of whether the terms of office of Sachs, Bucknum, and Raths had expired presented substantial issues of law and fact warranting a judicial resolution and that allowing plaintiff to bring a lawsuit in quo warranto would be in the public interest.

On receiving leave from the Attorney General, plaintiff filed a petition for writ of quo warranto against Sachs, Bucknum, and Raths. Plaintiff alleged that Sachs, Bucknum, and Raths were elected to the Mission Viejo City Council in November 2018 for two-year terms; each term expired in December 2020; Sachs, Bucknum, and Raths

10

were not reelected to office; Sachs, Bucknum, and Raths had extended their terms for two years "by fiat"; and Sachs, Bucknum, and Raths continued to serve as city council members without legal authority. Plaintiff sought two forms of relief: (1) a determination pursuant to Code of Civil Procedure section 809 that each of the three council members be found to have "unlawfully held" office and (2) an award of costs and attorney fees in bringing the action.

In August 2022, Mission Viejo was granted leave to intervene in the quo warranto lawsuit.

III. *The Trial Court Grants the Quo Warranto Petition*

After the parties had submitted briefing and requests for judicial notice, the trial court conducted a hearing on the quo warranto petition on August 30 and 31, 2022. The court granted the petition and ordered that Sachs, Raths, and Bucknum be removed from office as Mission Viejo City councilmembers.

The trial court set forth its reasons at length in a minute order entered on August 31, 2022. The court found the prescribed terms of office for Sachs, Raths, and Bucknum were two years under the Stipulated Judgment, resolution No. 18-52, and the notice of election. The court also found the amended stipulated judgment did not extend those terms from two to four years. The court concluded that the two-year terms of office did not violate section 57377 or section 2.04.140 of the Mission Viejo Municipal Code because the court had authority under Elections Code section 14029 to "implement appropriate remedies" for violations of the CVRA. Under Government Code section 36503, the terms of office for Sachs, Raths, and Bucknum ended on December 11, 2020, and after that date they had been holding their offices unlawfully.

The trial court stayed the effective date of its order for 30 days to allow the parties to seek relief from the Court of Appeal by means of a petition for writ of mandate. The trial court denied plaintiff's request to direct the Orange County Registrar of Voters

11

to strike or amend the ballot to delete Sachs, Raths, and Bucknum from the ballot for the November 2022 election.

The judgment, which was entered in September 2022, used statutory quo warranto language to decree that Sachs, Raths, and Bucknum were "guilty of usurping or intruding into, or unlawfully holding the office of member of the City Council of Mission Viejo and is excluded and removed from his [or her] office as City Council member of the City of Mission Viejo . . . ." Defendants timely appealed from the judgment.[4]

REQUESTS FOR JUDICIAL NOTICE

There are four pending requests for judicial notice to be decided in connection with the merits of the appeal. Plaintiff has two pending requests; defendants have two.

In support of the respondent's brief, plaintiff filed a request for judicial notice of the following: (1) Mission Viejo's opposition to motion for preliminary injunction and entry of peremptory writ of mandate, filed in *Schlesinger v. City of Mission Viejo*; (2) Mission Viejo's notice of motion and special motion to strike pursuant to Code of Civil Procedure section 425.16, memorandum of points and authorities, and declaration of Kim Schmitt, filed in *Schlesinger v. Mission Viejo* on May 12, 2022; and (3) Mission Viejo's notice of demurrer and demurrer to complaint and petition and memorandum in support, filed in *Schlesinger v. Mission Viejo* on May 12, 2022.

---

[4] In December 2022, Plaintiff moved to dismiss the appeal on the ground it had become moot. Plaintiff argued this court could not grant effective appellate relief because any four-year term of office claimed by Sachs, Bucknum, and Raths had ended. We denied the motion to dismiss because the appeal raised at least one issue pertaining to public elections, and issues in election cases are of public importance yet are likely to evade review.

Plaintiff argues these documents are relevant "to demonstrate that [Defendants] are estopped from re-litigating an issue that was adjudicated against them, in a matter where the judgment is now final." Although the documents were not filed in this case, Plaintiff contends: "They were before the trial court in the related case, which the trial court heard simultaneously. The matter relates to proceedings occurring after the order that is subject to appeal in this case—specifically, the judgment in the related case was entered at the end of the first day of the Court's two-day hearing on the writ issued in this matter, after the Court had indicated its intent to issue the order now on appeal."

In opposition to plaintiff's request for judicial notice defendants argue the documents are irrelevant to any issue raised in this appeal because Sachs, Bucknum, and Raths were not parties to *Schlesinger v. Mission Viejo* or in privity with Mission Viejo in that action. As Sachs, Bucknum, and Raths were not parties to or in privity with Mission Viejo, defendants argue they cannot be collaterally estopped from litigating issues decided in that case.

We deny plaintiff's request for judicial notice.[5] Although all three documents for which plaintiff seeks judicial notice are records of a court of this state (Evid. Code, § 452, subd. (d)), they could have been but were not presented to the trial court in this case. "'An appellate court may properly decline to take judicial notice under Evidence Code sections 452 and 459 of a matter which should have been presented to the trial court for its consideration in the first instance.'" (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 688, fn. 10.) Moreover, the documents that plaintiff seeks judicial notice of are not relevant to the dispositive issue in this appeal. (*Ibid.*)

---

[5] Defendants have also moved to augment the record with these three documents. The motion to augment the record is denied. The documents are not properly part of a clerk's transcript or appellate appendix or subject to a motion to augment the record. (Cal. Rules of Court, rules 8.120(a), 8.155(a)(1).)

In plaintiff's second request for judicial notice, plaintiff requests that we take judicial notice of the reporter's transcript for the hearing on the motion for attorney fees conducted in the trial court on July 25, 2023. Defendants have filed opposition to plaintiff's second request for judicial notice. We deny this request for judicial notice because absent exceptional circumstances not present here, we do not take judicial notice of matters that were not before the trial court. (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2; *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) When reviewing the correctness of a trial court's judgment, we only consider matters that were part of the record at the time the court entered the judgment. "'This rule preserves an orderly system of [litigation] by preventing litigants from circumventing the normal sequence of litigation.'" (*Haworth*, at p. 379, fn. 2.)

Defendants' first request for judicial notice asks us to judicially notice Assembly Bill No. 1930 (1955 Reg. Sess.), section 1 (exhibit A to the request), which is part of legislative history of section 57377. (Stats. 1955, ch.767, § 1.) Plaintiff does not oppose the request, and we grant it. An assembly bill constitutes cognizable legislative history of which we may take judicial notice. (*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 31-34; see Evid. Code, §§ 451, subd. (a), 452, subd. (c).)

In support of the defendants' reply brief, defendants requested we take judicial notice of the following documents: (1) the official agenda for the regular meeting of the Mission Viejo meeting on June 23, 2020 (exhibit B) and (2) a transcript prepared by certified court reporter of two excerpts from the videotape recording of that meeting (exhibit C). One of the two excerpts is of the City Attorney discussing the results of the closed session item No. 1 on the official agenda. The other excerpt is of a Mission Viejo resident making a comment on the proposed 2020 municipal election. Plaintiff opposed this request for judicial notice.

14

We deny defendants' request for judicial notice in support of the reply brief. Neither the meeting agenda nor the transcript was presented to the trial court in this case. (*Meridian Financial Services, Inc. v. Phan, supra*, 67 Cal.App.5th at p. 688. fn. 10.) In addition, the transcript is not an official act or record of Mission Viejo and does not otherwise fall within any subdivision of Evidence Code sections 451 and 452.

DISCUSSION

I. *Quo Warranto*

"Quo warranto was a common law writ literally meaning 'by what authority' was a public office held or claimed." (*Rando v. Harris* (2014) 228 Cal.App.4th 868, 875.) "The writ of *quo warranto* was a writ which issued to bring the defendant before the court to show by what authority he claimed an office or franchise, and was applicable alike to cases where the defendant never had a right, or where, having a right or franchise, he had forfeited it by neglect or abuse. [Citation.] [¶] *An information in the nature of quo warranto*, which has succeeded the writ of that name, was originally in form a criminal proceeding to punish the usurpation of the franchise by a fine, as well as to seize the franchise. This information has, in process of time, become, in substance, a civil proceeding to try the mere right to the franchise or office." (*People v. Dashaway Assn.* (1890) 84 Cal. 114, 118.)

The common law writ of quo warranto is implemented in California by Code of Civil Procedure section 803,[6] which authorizes the Attorney General or a relator

_____

[6] Code of Civil Procedure section 803 states: "An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise, or against any corporation, either de jure or de facto, which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state. And the attorney-general must bring the action, whenever he has reason to believe that any such office or franchise

15

acting with the Attorney General's consent to seek the ouster of a person unlawfully holding office. (*Daly v. San Bernardino County Board of Supervisors* (2021) 11 Cal.5th 1030, 1051.) "Such an action is a civil action, whether it be regarded as authorized by the above section of the code, or as a proceeding instituted under the provision in the constitution giving to the superior court jurisdiction to issue writs of *quo warranto*." (*People v. Superior Court of S.F.* (1896) 114 Cal. 466, 475.)

II. *Standing*

Defendants challenge plaintiff's standing to bring the quo warranto action on the grounds that (1) plaintiff does not reside in a district in which any individual defendant ran for office in 2022, (2) he is not a member of any protected class "by which he could claim he was somehow disadvantaged in the 2020 election," and (3) he was not a party to the *SVREP v. City of Mission Viejo* lawsuit.

Plaintiff did not need to establish standing because a quo warranto action is brought by the Attorney General, in the name of the People of the State of California, upon the Attorney General's own information, "or upon a complaint of a private party." (Code Civ. Proc., § 803.) "In a case in which quo warranto is the proper remedy, the cause of action is vested in the People, and not in any individual or group, no matter how affected they may be, or how much more the subject matter may touch their interests than it does other members of the citizenry." (*Oakland Municipal Improvement League v. City of Oakland* (1972) 23 Cal.App.3d 165, 170.) Plaintiff as a private citizen sought and obtained leave from the Attorney General to bring this quo warranto action; it is deemed to be brought by the Attorney General in the name of the People of this state.

---

has been usurped, intruded into, or unlawfully held or exercised by any person, or when he is directed to do so by the governor."

16

Further, plaintiff is a resident and elector of the City of Mission Viejo. The quo warranto action sought to remove from office city council members who had been elected at an at-large election in 2018.

III. *The CVRA and Section* 57377

"The [CVRA] was enacted to implement the equal protection and voting guarantees of article I, section 7, subdivision (a) and article II, section 2 [of the California Constitution]." (*Jauregui v. City of Palmdale*, *supra*, 226 Cal.App.4th 781, 793.) In particular, the CVRA was enacted to address dilution of minority votes through use of at-large elections. (*Ibid*.) Elections Code section 14027 identifies the circumstances in which an at-large electoral system may not be imposed: "An at-large method of election may not be imposed or applied in a manner that impairs the ability of a protected class to elect candidates of its choice or its ability to influence the outcome of an election, as a result of the dilution or the abridgment of the rights of voters who are members of a protected class, as defined pursuant to [Elections Code] Section 14026." (*Ibid*.) Elections Code section 14026 defines the term "Protected class" as follows: "'Protected class' means a class of voters who are members of a race, color or language minority group, as this class is referenced and defined in the federal Voting Rights Act of 1965 [citation]." (*Id*., subd. (d).)

Elections Code section 14026 defines racially polarized voting as follows: "'Racially polarized voting' means voting in which there is a difference, as defined in case law regarding enforcement of the federal Voting Rights of 1965 [citation], in the choice of candidates or other electoral choices that are preferred by voters in a protected class, and in the choice of candidates and electoral choices that are preferred by voters in the rest of the electorate." (*Id*., subd. (e).)

Elections Code section 14029 states: "Upon a finding of a violation of Section 14027 and Section 14028, the court shall implement appropriate remedies,

17

including the imposition of district-based elections, that are tailored to remedy the violation."

Section 57377 sets four-year terms of office for city councilmembers: "The members of the city council elected to succeed the members elected at the incorporation election shall hold office for four years from the Tuesday succeeding their election, and until their successors are elected and qualified."

IV. *The Trial Court Did Not Err by Granting Quo Warranto Relief Because Sachs, Bucknum, and Raths Were Not Permitted to Hold Office Past the Expiration of the Two-year Terms to Which They Were Elected*

A. *Sachs, Bucknum, and Raths Were Elected to Two-year Terms of Office*

A writ of quo warranto was necessary in this matter because, at the November 2018 election, voters in the City of Mission Viejo elected Sachs, Bucknum, and Raths as city councilmembers for two-year terms of office. Once those two years ended in 2020, Sachs, Bucknum, and Raths could not unilaterally extend them for another two years.

The Stipulated Judgment provided that the elections in November 2018 for the seats held by Sachs, Bucknum, and Raths would be for two-year terms. Public announcements made by the Mission Viejo City Council stated that council members elected at the November 2018 elections would serve two-year terms. On July 27, 2018, the City of Mission Viejo issued a public announcement that it had settled the voting rights litigation by agreeing to implement cumulative voting and "Mission Viejo City Council Members voted into office this November will serve for *two years* rather than the traditional four-year terms." (Italics added.) On August 13, 2018, the City of Mission Viejo issued another public announcement stating that Sachs, Bucknum, and Raths were up for reelection and "are running for *two-year terms* rather than the typical four-year term because of the recent Voting Rights Litigation Settlement." (Italics added.)

Elections Code section 12101 requires the publication of a notice of a municipal election sometime between the 127th day and 113th day before the election. Elections Code section 12101 states the notice "*shall contain* a statement of" "[t]he offices to be filled, *specifying full term or short term*, as the case may be." (Elec. Code, § 12101, subd. (a)(2), italics added.) Pursuant to Elections Code section 12101, on July 30, 2018, the City of Mission Viejo issued a public election notice stating the November 2018 election would be for three city council members and their terms of office would be "Full term of *two years*." (Italics added.)

A challenge to ballot materials generally must be made before an election. (*Owens v. County of Los Angeles* (2013) 220 Cal.App.4th 107, 123.) Neither Sachs nor Bucknum nor Raths challenged the ballot materials for the November 2018 election.

Elections Code section 15400 requires a governing body to declare "elected or nominated to each office voted on at each election under its jurisdiction the person having the highest number of votes for that office . . . ." Pursuant to Elections Code section 15400, in December 2018, the Mission Viejo City Council adopted resolution No. 18-52 declaring that at the November 2018 election Sachs, Bucknum, and Raths had been elected as members of the city council for terms of two years. That resolution declared the notice of election to have been lawful and the election complied with statutory requirements for general law cities. Sachs, Bucknum, and Raths voted in favor of the resolution, and Sachs, as mayor, signed it.

At oral argument, counsel for defendants argued there was no evidence that any voter relied upon any of the preelection materials regarding the term of office. But in a quo warranto proceeding, the burden is on the defendant office holder to show he or she is "lawfully holding and exercising the office." (*People v. Hayden* (1935) 9 Cal.App.2d 312, 313.)

The will of the voters in the November 2018 election was to elect Sachs, Bucknum, and Raths to the city council for two-year terms, not four-year terms. The

19

Mission Viejo City Council ratified the voters' decision by declaring Sachs, Bucknum, and Raths had been elected to two-year terms of office. Although section 57377 prescribes four-year terms for city council members, "'preservation of the integrity of the election process" (*Gooch v. Hendrix* (1993) 5 Cal.4th 266, 278) demands that we uphold the results of that election, which was to elect Sachs, Bucknum, and Raths unconditionally to two-year terms.

### B. *Holdover Provisions Did Not Grant Sachs, Bucknum, and Raths Authority to Stay in Office for Four Years*

Defendants argue that if Sachs, Bucknum, and Raths were elected to two-year terms of office in November 2018 then, pursuant to section 57377 and section 2.04.140 to the Mission Viejo Municipal Code, they had the right to hold office "until their successors are elected and qualified." Section 57377 states the city council hold office for "four years from the Tuesday succeeding their election, and until their successors are elected and qualified."[7] Because their successors were not elected and qualified until November 2022, defendants argue Sachs, Bucknum, and Raths were rightfully holding office when the quo warranto lawsuit was filed.

This argument has some superficial appeal. "First, it is the general rule, with possibly certain exceptions [citation] not here pertinent, that when there is no expression in the statute to the contrary, a public officer who continues to perform the

---

[7] Section 2.04.140 to the Mission Viejo Municipal Code states: "City council members shall hold office for four years from the Monday succeeding the county clerk's certification of the election and until their successors are elected and qualified." Another such holdover provision for municipal officers appears in Government Code section 36503, which provides: "City officers holding elective city office shall hold office for their prescribed terms from the date of the installation of officers following adoption by the council of the official canvass of their election and until their successors are elected and qualified." Appointed state officers are subject to Government Code section 1302, which states: "Every officer whose term has expired shall continue to discharge the duties of his office until his successor has qualified."

20

duties of the office and holds office beyond the term for which he was elected or appointed, holds office until his successor is selected and qualifies." (*Hartford Acc. Etc. Co. v. City of Tulare* (1947) 30 Cal.2d 832, 836.) "Where the term of office is fixed, determinate, a provision requiring the officer to continue 'to discharge the duties of his office, although his term has expired, until his successor has qualified' [citation], 'adds an additional, contingent, and defeasible term to the original fixed term, and excludes the possibility of a vacancy, and consequently the power of appointment, except in case of death, resignation, ineligibility, or the like." (*People ex rel. Parsons v. Edwards* (1892) 93 Cal. 153, 156.)

This looks as though the holdover provisions of section 57377 and the Mission Viejo Municipal Code might have granted Sachs, Bucknum, and Raths the right to hold office until the election and qualification of their successors in November 2022. But we agree with plaintiff that the holdover provisions were intended only to prevent brief vacancies in office following an election and do not permit elected officeholders who have the power to call an election to stay in office by failing to call one. (See *Rice v. National City* (1901) 132 Cal. 354, 355 [elected marshal was allowed to holdover after the marshal-elect failed to file a bond and take an oath]; *People v. Ward* (1895) 107 Cal. 236, 237 [outgoing district attorney allowed to holdover after elected district attorney died between the election and the time he was to take office]; cf. *People v. Brenham* (1851) 3 Cal. 477, 491 (conc. opn. of Murray, J.) ["If a different rule should be holden, then the Governor, by refusing to issue his proclamation, or the Council, by refusing to give the notice required by law, might continue themselves in office beyond the term for which they were elected"].)

"The basis for [the holdover] rule is the policy against having a vacancy in public office—having a gap between *successive* office holders." (*Hartford Acc. Etc. Co. v. City of Tulare, supra*, 30 Cal.2d at p. 836, italics added.) The purpose is not to allow officeholders to extend their own terms of office. Under the holdover rule, an officer

21

does not "acquire any right to a new, fixed and definite term" but becomes "a temporary incumbent, *locum tenens*, by virtue of public necessity," and holds office only until the office can be filled. (*People v. Nye* (1908) 9 Cal.App. 148, 161.)

In the present case, the holdover provisions in section 57377 and the Mission Viejo Municipal Code would have permitted Sachs, Bucknum, and Raths to stay in office temporarily past the expiration of their two-year terms in November 2020 until their positions could be filled. Under Government Code section 36512, subdivision (b), a city council shall fill vacancies in an elected municipal office within 60 days of the commencement of vacancy either by appointment or by calling as special election. Thus, Sachs, Bucknum, and Raths would have been permitted to holdover in office only for so long as it would take to call and hold a special election or to have the city council meet and appoint their replacements. Mission Viejo did hold a municipal election in 2020 but Sachs, Bucknum, and Raths did not run for reelection. Under the circumstances, the holdover provisions did not extend their two-year terms of office to four years.

C. *The Stipulated Judgment Did Not Condition the Two-year Terms of Office on Implementation of Cumulative Voting*

In the defendants' reply brief, defendants assert the Stipulated Judgment "inextricably linked" the two-year terms of office for the 2018 election "to the anticipated remedy of cumulative voting."[8] They claim support for this interpretation in section 4 of the Stipulated Judgment, which reads: "In order to maximize the remedial effectiveness of the cumulative voting system adopted herein, and consistent with the cumulative voting remedy ordered by the court in *United States v. Village of Port Chester* (S.D.N.Y 2010) 704 F. Supp.2d 411, beginning with the November 2020 election, all five seats on the City Council shall be elected at the same time. Accordingly, the election in

---

[8] We can consider this assertion forfeited because defendants make it under a general heading entitled "Corrections to Relator's Separate Factual Statement" and not as part of their legal argument. (Cal. Rules of Court, rule 8.204(a)(1)(B).)

November 2018 shall be for two-year terms on the City Council, with all subsequent elections (2020, 2024, 2028, etc.) being for four-year terms. [Mission Viejo] shall at an appropriate time, amend its codes to reflect this revision."

Defendants argue that use of the word "accordingly" in section 4 of the Stipulated Judgment "confirms the inextricable link between the first sentence, describing the anticipated cumulative voting remedy, and the second sentence, providing for a two-year term." In addition, as defendants point out, section 1 of the Stipulated Judgment states, "Unless [Mission Viejo] adopts district-based elections (as defined in the CVRA) at some later date, all elections for the City's governing board (the Mission Viejo City Council) shall employ cumulative voting . . . ."

It cannot be doubted that the Stipulated Judgment linked the two-year terms for the November 2018 election to the anticipated remedy of cumulative voting: The two-year terms of office were intended to "maximize" the effectiveness of the cumulative voting remedy by placing all council seats up for election at the same time, starting with the November 2020 election. But the Stipulated Judgment did not *condition* the two-year terms of office upon implementation of cumulative voting or provide for the extension of the terms of office if cumulative voting was not implemented by the time of the November 2020 election. Judge Schwarm, who signed the Stipulated Judgment, interpreted it in the same way. We find no abuse of discretion. (*Jacuzzi v. Jacuzzi Bros., Inc.* (1966) 243 Cal.App.2d 1, 35 [applying abuse of discretion standard to trial court's interpretation of its own order].) More importantly, the public announcements issued by Mission Viejo, the public notice of the November 2018 election, and the city resolution declaring the election results all stated the terms of office were two years without any conditions or possible extensions.

In the defendants' reply brief, they also argue that the Stipulated Judgment, read together with the amended stipulated judgment, must be interpreted as meaning Sachs, Bucknum and Raths could serve four-year terms.[9] Neither the Stipulated Judgment nor the amended stipulated judgment provided for four-year terms of office for the November 2018 election in the event cumulative voting was not implemented by November 2020. When the amended stipulated judgment was signed, the November 2018 election had been held; Sachs, Bucknum, and Raths had been elected to two-year terms of office; and the city council had certified those election results.

Judge Schwarm, who signed the Stipulated Judgment and the amended stipulated judgment, disagreed with Defendants' interpretation. He found: "Here, by approving the Stipulated Judgment [citation] and the Amended Stipulated Judgment [citation] in the SVREP case in the form proposed by the parties, this court did not approve extension of Defendants' prescribed two-year terms. The Stipulated Judgment [citation] and the Amended Stipulated Judgment [citation] do not expressly state Defendants' terms would be extended beyond the prescribed two-year terms for which they were elected. Through the Stipulated Judgment [citation] and the Amended Stipulated Judgment [citation] SVREP and the City gave the court the authority under Elections Code section 14029 to implement remedies to address the CVRA violation." The court stated, "The City Attorney's declaration did not state that Defendants' two-year

[9] Defendants argue: "Because of the amendment delaying the five-seat election until 2022, the cumulative voting 'remedy' could be harmonized with the four-year term provision of section 57377. The three councilmembers elected in 2018 could serve a four-year term and then stand for election (along with two other council positions) in 2022. The 2018 Stipulated Judgment, as amended in July 2020, could therefore have been interpreted in such a way as to comply with both section 14029's authority to implement remedies for CVRA violations and section 57377's requirement of four-year terms. In other words, the three council members elected in 2018 could serve a four-year term (thereby complying with section 57377) while simultaneously creating a remedy (per section 14029) by allowing all five seats open for voter selection in 2022."

terms would be extended if the Amended Stipulated Judgment was entered.  Rather, the ex parte application and the Amended Stipulated Judgment reflected the intent of the parties to give the City more time to attempt to implement cumulative voting as a remedy for '. . . inadvertently dilut[ing] the vote of a minority population.'"  We find no abuse of discretion in this interpretation.  (*Jacuzzi v. Jacuzzi Bros., Inc., supra*, 243 Cal.App.2d at p. 35.)

## DISPOSITION

The judgment is affirmed.  Plaintiff shall recover costs on appeal.


SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


MOTOIKE, J.

25